UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO A. SABATES,

    Plaintiff,

v.                                      Civil Action No. 8:04-CV-824-T17MSS
                                      Lazzara, J.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.

---

FELICIANO S. SABATES and
CAROLYN P. SABATES,

    Plaintiffs,

v.                                      Civil Action No. 8:04-CV-825-T26MSS
                                      Lazzara, J.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.
                                      /

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT HOWARD R. CURD**

Plaintiffs Mario A. Sabates, Feliciano S. Sabates and Carolyn P. Sabates (collectively, "Plaintiffs") hereby request, pursuant to Fed. R. Civ. P. 34, that Defendant Howard R. Curd

("Curd") produce and permit the copying of the following documents at the offices of Plaintiffs' counsel in this action, on the 30th day after service hereof.

## INSTRUCTIONS

1. All documents produced in response to this request should be marked according to the number of each specific request below. Documents sought by more than one request need only be produced once with appropriate cross-reference to the other request(s) with which the document complies.

2. You are requested to produce all such documents in your possession, custody or control. In doing so, please furnish all unprivileged documents that are in the possession of you, your employees, attorneys, accountants, representatives or agents, or that are otherwise subject to your custody or control. All documents that respond, in whole or in part, to any portion of the Request(s) set forth below shall be produced in their entirety, including all attachments and enclosures.

3. If any request is objected to on the grounds of it being overbroad or burdensome, specifically state the manner in which it is overbroad or burdensome, and produce documents responsive to the request as narrowed to conform to such objection.

4. The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope.

5. When a copy of any document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

6. All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, sub-files, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be produced in the way in which they are maintained, in the file where found.

7. If any documents are withheld from production, then with respect to each request from which documents are withheld, specifically state the following:

(a) The date of the document;

(b) The name of the author of the document;

(c) The names of all persons who were intended to receive the original and copies of the document;

(d) The names of all persons who actually received the original and copies of the document;

(e) The subject matter of the document;

(f) The type of document; and

(g) The basis for the claim for nondisclosure or nonproduction.

8. Where a claimed privileged subject matter forms only part of a document involved (e.g., other portions of the document contain factual information which is not privileged), state that such is the case and produce the document with the privileged portions blocked out or obliterated in a copy thereof.

9. If any documents requested herein have been lost, discarded, or destroyed, the documents so lost, discarded or destroyed shall be identified as completely as possible, including

the following information: author, date, and subject matter, date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

10. You are under a duty to supplement its responses to these requests for production of documents in accordance with Fed. R. Civ. P. 26(e).

## DEFINITIONS

1. All terms contained in Plaintiffs' Amended Complaints ("Complaint") shall have the meaning ascribed to them therein, or by the context contained therein, unless otherwise defined. In addition, the following definitions shall be applicable to these Requests:

2. "Plaintiffs" shall mean Mario A. Sabates, Feliciano S. Sabates and/or Carolyn P. Sabates, and any agent, attorney, investigator or other person or entity acting or purporting to act on behalf of Mario A. Sabates, Feliciano S. Sabates and/or Carolyn P. Sabates.

3. The terms "you" and "your" shall mean Howard R. Curd, and/or any agent, attorney, investigator or other person or entity acting or purporting to act on behalf of Howard R. Curd.

4. "Person" shall mean a natural person, partnership, firm or corporation or any other kind of business or legal entity, its agents and employees.

5. "Document" and "Documents" are used in the broadest permissible sense under the Federal Rules of Civil Procedure and shall include, without limitation, any record of any type or form whatsoever (including e-mails and other electronic documents) over which you have or have had possession, custody, control or access, and every copy or reproduction of any such record which contains any commentary or notation not appearing on the original. If the original of any document is not in your possession, custody or control, a copy of that document should be produced.

6. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories that which might otherwise be construed to be outside its scope. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

7. The term "communication" includes, but is not limited to, conversations, meetings, telephone calls, electronic mail, voice mail, written correspondence and all other methods by which words, pictures, graphics, and/or other information are conveyed from one person to another or others.

8. As used herein, "relate to" or "relating to" means comprising, containing, setting forth, evidencing, memorializing, supporting or providing a basis for the matter described.

## DOCUMENTS REQUESTED

1.

All documents identified in your Disclosures Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

2.

All documents identified in your Responses to Plaintiffs' First Interrogatories to Howard R. Curd, served concurrently herewith.

3.

All documents referred to or used by you in connection with preparing your Responses to Plaintiffs' First Interrogatories to Howard R. Curd, served concurrently herewith.

4.

All documents that support or refute the claims or defenses of any party to this action.

5.

All documents reflecting or relating to Uniroyal Technology Corporation ("Uniroyal").

6.

All documents reflecting or relating to KC May Securities Corporation ("KC May").

7.

All documents reflecting or relating to Jesup & Lamont Securities Corporation ("Jesup & Lamont").

8.

All documents reflecting or relating to Jesup & Lamont Holding Company.

9.

All documents reflecting or relating to The Jesup Group.

10.

All documents relating to the sale by the Jesup Group of its securities operations, including but not limited to Jesup & Lamont, to any entity, including, without limitation, any management group, owned, managed, led or controlled by you.

11.

All documents relating to your transfer of ownership and/or control of KC May (then known as Jesup & Lamont) to Howard F. Curd.

12.

All documents reflecting or relating to business communications between yourself and any officer, employee, representative, broker or agent of KC May or Jesup & Lamont, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

13.

All documents reflecting or relating to business communications between yourself and any officer, employee, representative, broker or agent of Jesup & Lamont Holding Company, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

14.

All documents reflecting or relating to business communications between yourself and any officer, employee, representative, broker or agent of The Jesup Group, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

15.

All documents reflecting or relating to business communications between yourself and any officer, employee, representative, broker or agent of KC May, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

16.

All documents reflecting or relating to business communications between yourself and any officer, employee, representative, broker or agent of any parent, affiliate or subsidiary of The Jesup Group, Jesup & Lamont Holding Company and/or Jesup & Lamont, including, without limitation, Jesup & Lamont Group Holdings, Inc., Jesup & Lamont Securities Group, Inc., Jesup & Lamont Clearing Corporation, Jesup & Lamont Capital Markets, Inc., Jesup & Lamont Merchant Partners, L.L.C., Jesup & Lamont Merchant Partners II, Inc., and/or Jesup & Lamont

Certified Capital, L.L.C., including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

17.

All documents reflecting or relating to any parent, affiliate or subsidiary of The Jesup Group, Jesup & Lamont Holding Company, KC May and/or Jesup & Lamont, including, without limitation, Jesup & Lamont Group Holdings, Inc., Jesup & Lamont Securities Group, Inc., Jesup & Lamont Clearing Corporation, Jesup & Lamont Capital Markets, Inc., Jesup & Lamont Merchant Partners, L.L.C., Jesup & Lamont Merchant Partners II, Inc., and/or Jesup & Lamont Certified Capital, L.L.C.

18.

All documents reflecting your ownership, acquisition, sale or transfer of any securities issued by Uniroyal, including but not limited to Uniroyal common stock.

19.

All documents reflecting any compensation or remuneration received by you from Uniroyal or any parent, subsidiary or affiliate of Uniroyal.

20.

All documents reflecting any stock options you received from Uniroyal or any parent, subsidiary or affiliate of Uniroyal.

21.

All document relating to Emcore Corporation ("Emcore").

22.

All documents related to the creation by Uniroyal of Uniroyal Optoelectronics ("UOL") and/or Uniroyal's Optoelectronics and Semiconductor Division.

23.

All document related to Sterling Semiconductor, Inc. ("Sterling").

24.

All documents related to your service on the Board of Directors of UOL.

25.

All documents related to communications by you relating to the growth and business prospects of UOL and/or Uniroyal's Optoelectronics and Semiconductor Division, including but not limited to any statements that:

 (a) UOL was capable of, and was, mass producing commercially saleable High Brightness Light Emitting Diodes (HB-LEDs) and other products;

 (b) Sterling was a valuable asset; and/or

 (c) Uniroyal had the resources to facilitate Sterling's expansion in to the production of devices based on Sterling's silicon compound semiconductors, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

26.

All documents tending to prove **or disprove** the following:

 (a) that UOL was capable of, and was, mass producing commercially saleable High Brightness Light Emitting Diodes (HB-LEDs) and other products;

 (b) that Sterling was a valuable asset;

 (c) that Uniroyal had the resources to facilitate Sterling's expansion in to the production of devices based on Sterling's silicon compound semiconductors;

 (d) that UOL experienced manufacturing difficulties relating to HB-LEDs; and/or

 (e) that Sterling was facing bankruptcy when purchased by Uniroyal.

27.

All documents related to The Jesup Group, Jesup & Lamont Holding Company, KC May and/or Jesup & Lamont, or any parent, affiliate or subsidiary of these entities, including, without

limitation, Jesup & Lamont Group Holdings, Inc., Jesup & Lamont Securities Group, Inc., Jesup & Lamont Clearing Corporation, Jesup & Lamont Capital Markets, Inc., Jesup & Lamont Merchant Partners, L.L.C., Jesup & Lamont Merchant Partners II, Inc., and/or Jesup & Lamont Certified Capital, L.L.C., relating to Uniroyal, Emcore, Sterling, Polycast, UOL and/or Uniroyal's Optoelectronics and Semiconductor Division.

28.

All documents related to filings made by or involving Uniroyal with the U.S. Securities and Exchange Commission ("SEC"), including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

29.

All documents related to any securities accounts you maintain or have maintained at Jesup & Lamont, KC May, or any of their respective parents, affiliates or subsidiaries.

30.

All documents related to any fees Uniroyal paid to any parent, affiliate or subsidiary of KC May (then known as Jesup & Lamont).

31.

All documents related to the appointment of Howard F. Curd to Uniroyal's Board of Directors, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

32.

All documents related to your resignation from Uniroyal's Board of Directors, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

33.

All documents related to any research issued by KC May (then known as Jesup & Lamont), including but not limited to research reports for Uniroyal bearing the following dates: August 30, 2000; December 15, 2000; February 7, 2001; May 9, 2001; June 21, 2001; August 9, 2001; August 15, 2001; and September 24, 2001, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

34.

All documents related to commissions or other compensation you received, directly or indirectly, from any officer, employee, representative, broker or agent of KC May, or any parent, affiliate or subsidiary of KC May resulting from the sale or transfer of Uniroyal stock.

35.

All documents related to commissions or other compensation you received, directly or indirectly, from any officer, employee, representative, broker or agent of Jesup & Lamont, or any parent, affiliate or subsidiary of Jesup & Lamont resulting from the sale or transfer of Uniroyal stock.

36.

All documents related to communications between you and the National Association of Securities Dealers ("NASD"), including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

37.

Any documents related to information relating to any "wash trades" of Uniroyal stock, wherein no change in beneficial ownership occurred, effected by Howard F. Curd.

38.

All documents relating to Plaintiffs or any stock owned by Plaintiffs.

39.

All documents relating to Uniroyal's cessation of operations and/or bankruptcy.

40.

All documents relating to Five Points Partners LLC ("Five Points").

41.

All documents relating to your ownership, control or investment in Five Points.

42.

All documents relating to Five Points' purchase of Uniroyal Engineered Products.

43.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for civil conspiracy.

44.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for securities fraud pursuant to SEC Rule 10B-5 for misstatements and omissions.

45.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for securities fraud pursuant to SEC Rule 10B-5 for market manipulation.

46.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for violations of Fla. Stat. § 772.103(1), (2).

47.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for violations of Fla. Stat. § 772.103(4).

48.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for violations of Fla. Stat. § 517.301(1).

49.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for violations of Fla. Stat. § 517.312(1)(B).

50.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for aiding and abetting breaches of fiduciary duty.

51.

All documents supporting or refuting, or tending to support or refute, Plaintiffs' claim against you for negligent misrepresentation.

52.

All documents supporting or refuting, or tending to support or refute, any affirmative defenses you have, or may have, to any of Plaitniffs' claims.

53.

All documents containing any agreements that you contend govern the rights of any of the parties to this action.

54.

All documents reflecting or relating to any statement - oral, written, or otherwise – taken by you from Plaintiffs relating to this action.

55.

All documents reflecting or relating to any statement - oral, written, or otherwise – taken by you from any other person relating to this action.

56.

All documents reflecting or relating to communications between you and any other entity regarding the facts and circumstances that form the basis of this lawsuit.

57.

All documents relating to any companies, entities or business ventures of any kind, including, without limitation, corporations, LLCs, LLPs, partnerships, associations, in which you have had held or maintained any sort of interest, including but not limited to, an ownership or management interest, and all documents relating to all co-owners, co-managers, partners and joint venturers of such companies, entities or business ventures.

58.

All documents reflecting or relating to compliance policies or procedures in place at Uniroyal from January 1, 1985 through the present relating to the ownership or trading of stock.

59.

For each expert, consultant, or other professional whom you expect to call as a witness at trial or any evidentiary hearing, produce:

(a) All documents relating to the subject matter on which that witness is expected to testify;

(b) All documents, including a current resume or curriculum vitae, relating to all training and experience of that witness that you contend qualifies the witness to testify as an expert;

(c) All documents relating to the substance of the facts and opinions on which that witness is expected to testify, together with a summary of all bases for each such opinion;

(d) All reports prepared by that witness relating to this action;

(e) All communications between that witness and you or your attorneys;

(f) All documents considered or relied upon by that witness in arriving at his or her opinion;

(g) A listing of any other cases in which that witness has testified as an expert at trial or by deposition within the preceding four years; and

(h) All transcripts, videos, or tapes pertaining to any cases listed in the preceding subparagraph (g).

60.

The Complaints in prior lawsuits in which you were a party.

61.

All documents relating to any brokerage accounts you presently maintain or have maintained for the past ten (10) years, including any documents relating to any activity in those accounts.

62.

All documents relating to any business or financial relationships between you and the following individuals:

(a) Howard F. Curd;

(b) Eileen Curd f/k/a Eileen Sena;

(c) any other of your immediate family members, limited to sons, daughters, step-sons, step-daughters, father, mother, grandfather, grandmother, grandsons, granddaughters, aunts, uncles, fathers-in-law, mothers-in-law, wives, ex-wives, nieces and/or nephews.

David J. Stone, Esq.
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

This 29th day of April, 2005.

*Ross A. Albert*
Ross A. Albert
Georgia Bar No. 007749

Counsel for Plaintiffs

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Rd., N.E.
Atlanta, GA 30326-1044
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

#1268351 v1 - H.R.Curd: 1st RPD