UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO A. SABATES,

    Plaintiff,

v.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.

Civil Action No. 8:04-CV-824-T17MSS
Lazzara, J.

___

FELICIANO S. SABATES and
CAROLYN P. SABATES,

    Plaintiffs,

v.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.
_____/

Civil Action No. 8:04-CV-825-T26MSS
Lazzara, J.

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT HOWARD R. CURD

COME NOW Plaintiffs Mario A. Sabates, Feliciano S. Sabates and Carolyn P. Sabates (collectively, "Plaintiffs"), Plaintiffs in the above-captioned action and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propound the following interrogatories

#1269071 v1 - H.R Curd 1st Rogs

("Interrogatories") to be answered by Howard R. Curd ("Curd") separately and fully, in writing and under oath, in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. Plaintiffs request that the identification and verbatim quote of the Interrogatory to which the answer responds precede the answer to each Interrogatory.

2. Each Interrogatory is addressed to the personal knowledge of Curd, as well as to the knowledge and information of Curd's attorneys (to the extent it does not implicate the substance of privileged communications between Curd and Curd's attorneys), investigators, agents, employees, and other representatives. When a question is directed to Curd, that question is also directed to the aforementioned persons.

3. These Interrogatories are continuing and oblige Curd to supplement his responses to these Interrogatories in accordance with the Federal Rules of Civil Procedure in the event that he acquires additional information responsive to these Interrogatories after his initial responses.

4. If you object to responding to an interrogatory on claim of privilege, please provide the following:

    (a)    the nature of the privilege claimed;

    (b)    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    (c)    the date of the document or oral communication;

    (d)    if a document, its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including, where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    (e)    if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and,

  (f) the general subject matter of the document or oral communication.

 5. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

 6. Whenever a date, amount, computation or figure is requested, provide the exact date, amount, computation, or figure, unless it is unknown. If it is unknown, provide the approximate or best estimate, and state that such date, amount, computation, or figure is an approximation or estimation.

### DEFINITIONS

 1. All terms contained in Plaintiffs' Amended Complaints ("Complaints") shall have the meaning ascribed to them therein, or by the context contained therein, unless otherwise defined. In addition, the following definitions shall be applicable to these Interrogatories:

 2. The terms "identify" and "identity" mean:

  (a) With respect to a natural person, to state the person's name, title at the time in question, employer and business address at the time in question, current or last known employer, business address, business telephone number, and home address and telephone number;

  (b) With respect to an organization or entity, to state the full name and address of the entity;

  (c) With respect to a document, to state the full name and address of the custodian of the document, the location of the document, and a general description of the document, including (i) the type of document (i.e., correspondence, memorandum, facsimile, etc.); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressee of the document; and (vi) the relationship of the author and addressee to each other; and

  (d) With respect to an oral communication, to state the names and titles of all persons involved in the communication, the location of all such persons at the time of the communication, and the date and approximate time of the communication.

3. "Plaintiffs" shall mean Mario A. Sabates, Feliciano S. Sabates and/or Carolyn P. Sabates, and any agent, attorney, investigator or other person or entity acting or purporting to act on behalf of Mario A. Sabates, Feliciano S. Sabates and/or Carolyn P. Sabates.

4. The terms "you" and "your" shall mean Howard R. Curd, and/or any agent, attorney, investigator or other person or entity acting or purporting to act on behalf of Howard R. Curd.

5. "Date" shall mean the exact date, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

6. The terms "person" or "individual" or "recipient" refer to and includes natural persons, sole proprietorships, partnerships, unincorporated associations, trusts, firms or corporations or any other kind of business or legal entity, its agents and employees.

7. The terms "relate to" or "relating to" shall mean constituting, memorializing, reflecting, containing, modifying, describing, referencing, evidencing, referring to, evaluating, supporting, providing a basis for, setting forth, analyzing, arising from, or otherwise having a logical connection with the subject matter of the Interrogatories.

8. The terms "document" and "documents" are used in the broadest permissible sense under the Federal Rules of Civil Procedure and shall include, without limitation, any record of any type or form whatsoever (including e-mails and other electronic documents) over which you have or have had possession, custody, control or access, and every copy or reproduction of any such record which contains any commentary or notation not appearing on the original.

9. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

10. The term "communication" includes, but is not limited to, conversations, meetings, telephone calls, electronic mail, voice mail, written correspondence and all other methods by which words, pictures, graphics, and/or other information are conveyed from one person to another or others.

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories that might otherwise be construed to be outside its scope. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

## INTERROGATORIES

1.

Identify each person who provided information in connection with preparing your responses to these Interrogatories.

2.

Identify each person whom you intend to call as an expert witness at trial or at any hearing in this matter, stating the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

3.

Identify any statements you, your attorneys or other agents have obtained from any party, witness, or any other individual relating to the events giving rise to this lawsuit.

4.

If you contend that any of the Plaintiffs has made a statement or statements (written or oral) regarding any matter or matters relevant to the issues raised in the Complaints and/or any defenses thereto, which would constitute an admission against interest, then as to each such statement, summarize the substance of the statement and state the names and addresses of each person or entity with personal knowledge of the statement and the date or dates the statement was allegedly made.

5.

Describe with particularity all facts that support your defenses to the claims in Plaintiffs' Complaints that have been brought against you.

6.

State whether you have ever been charged, convicted or pled guilty in any criminal matter or in any lawsuit or investigation involving moral turpitude, a misdemeanor or a felony, and describe with particularity the facts and circumstances surrounding such matter, lawsuit and/or investigation.

7.

Describe with particularity any relationship of any kind that you maintain or have maintained with KC May Securities Corporation ("KC May") and/or Jesup & Lamont Securities Corporation ("Jesup & Lamont"), including any parent, subsidiary or affiliate thereof, including, without limitation, The Jesup Group, Jesup & Lamont Holding Company, Jesup & Lamont

Group Holdings, Inc., Jesup & Lamont Securities Group, Inc., Jesup & Lamont Clearing Corporation, Jesup & Lamont Capital Markets, Inc., Jesup & Lamont Merchant Partners, L.L.C., Jesup & Lamont Merchant Partners II, Inc., and/or Jesup & Lamont Certified Capital, L.L.C.

8.

Describe with particularity any and all communications of any kind relating to Uniroyal, its business or securities issued by Uniroyal, between you and any officer, employee, representative, broker or agent of Jesup & Lamont, or any parent, affiliate or subsidiary thereof, including, without limitation, The Jesup Group, Jesup & Lamont Holding Company, Jesup & Lamont Group Holdings, Inc., Jesup & Lamont Securities Group, Inc., Jesup & Lamont Clearing Corporation, Jesup & Lamont Capital Markets, Inc., Jesup & Lamont Merchant Partners, L.L.C., Jesup & Lamont Merchant Partners II, Inc., and/or Jesup & Lamont Certified Capital, L.L.C.

9.

Describe with particularity any business relationship of any kind that you maintain or have maintained with Howard F. Curd, Eileen Curd f/k/a Eileen Sena, and any other of your immediate family members, limited to sons, daughters, step-sons, step-daughters, father, mother, grandfather, grandmother, grandsons, granddaughters, aunts, uncles, fathers-in-law, mothers-in-law, wives, ex-wives, nieces and/or nephews.

10.

Describe with particularity any and all business communications of any kind (including, without limitation, all communications relating to Uniroyal, KC May, Jesup & Lamont and/or any of their respective parents, subsidiaries or affiliates) between you and Howard F. Curd, Eileen Curd f/k/a Eileen Sena, and any other of your immediate family members, limited to sons, daughters, step-sons, step-daughters, father, mother, grandfather, grandmother, grandsons,

7

granddaughters, aunts, uncles, fathers-in-law, mothers-in-law, wives, ex-wives, nieces and/or nephews.

11.

Identify all securities or brokerage accounts which you have maintained or controlled, directly or indirectly, or in which you have had, directly or indirectly, any interest (including, without limitation, any ownership or beneficial interest) for the past ten (10) years, including, without limitation, any accounts maintained at KC May, Jesup & Lamont or any of their parents, affiliates or subsidiaries, and for each account, describe with particularity when such account was opened, at what company it was opened, the broker(s) or representative(s) in charge of the account, the broker(s) or representative(s) with whom you principally converse regarding the account, all activity relating to the account (including purchases, sales, trades and transfers of securities), and, if applicable, the date when the account was closed.

12.

Identify by case name, case number and court in which it was filed all prior lawsuits in which you were a party, and for each lawsuit, describe with particularity the nature of the lawsuit, how such lawsuit was ultimately resolved, or whether such lawsuit is presently ongoing.

13.

Describe with particularity your employment history for the past twenty-five (25) years, including, without limitation, service on boards of directors.

14.

Describe payments or all compensation, including, without limitation, salary, benefits or any other type of remuneration that you have received from KC May, Jesup & Lamont, The Jesup Group, Jesup & Lamont Holding Company, Jesup & Lamont Group Holdings, Inc., Jesup

& Lamont Securities Group, Inc., Jesup & Lamont Clearing Corporation, Jesup & Lamont Capital Markets, Inc., Jesup & Lamont Merchant Partners, L.L.C., Jesup & Lamont Merchant Partners II, Inc., and/or Jesup & Lamont Certified Capital, L.L.C., and/or any of their respective parents, subsidiaries or affiliates.

15.

Identify all companies, entities or business ventures of any kind (including, without limitation, corporations, LLCs, LLPs, partnerships, associations) in which you have held or maintained any sort of interest, including but not limited to, an ownership or management interest, and for each company, entity or business venture, identify all co-owners, co-managers, partners and joint venturers.

16.

Describe with particularity any communication with, or any relationship of any kind that you maintain or have maintained with, Polycast Technology Corporation ("Polycast"), any parents, affiliates or subsidiaries of Polycast, KC May Securities Corporation ("KC May"), any parents, affiliates or subsidiaries of KC May, Emcore Corporation ("Emcore"), any parents, affiliates or subsidiaries of Emcore, Sterling Semiconductor, Inc. ("Sterling"), any parents, affiliates or subsidiaries of Sterling, Uniroyal Optoelectronics ("UOL"), Uniroyal's Optoelectronics and Semiconductor Division, and any owners, managers, representatives, employees or agents of these entities.

17.

Describe with particularity all facts supporting **or refuting** your representations regarding the growth and business prospects of UOL and/or Uniroyal's Optoelectronics and Semiconductor Division, including but not limited to any statements that (a) UOL was capable of, and was, mass

producing commercially saleable High Brightness Light Emitting Diodes (HB-LEDs) and other products; (b) Sterling was a valuable asset; and/or (c) Uniroyal had the resources to facilitate Sterling's expansion in to the production of devices based on Sterling's silicon compound semiconductors.

18.

Describe with particularity any communications between you and any officer, employee, representative, broker or agent of Uniroyal, or any parent, affiliate or subsidiary of Uniroyal, relating to KC May, Jesup & Lamont, any parent, subsidiary or affiliate of these entities, Howard F. Curd, and/or Eileen Curd f/k/a Eileen Sena.

19.

Describe with particularity any communications between you and any officer, employee, representative, broker or agent of Uniroyal, or any parent, affiliate or subsidiary of Uniroyal, KC May, Jesup & Lamont, any parent, subsidiary or affiliate of these entities, Howard F. Curd, and/or Eileen Curd f/k/a Eileen Sena, regarding any of the Plaintiffs.

20.

Describe with particularity any communications between you any of the Plaintiffs relating to Uniroyal, or any parent, affiliate or subsidiary of Uniroyal, or securities issued by Uniroyal, including without limitation Uniroyal common stock.

21.

Describe with particularity any communications between you and any other individual or entity regarding the facts and circumstances that form the basis of this lawsuit.

#1269071 v1 - H R Curd: 1st Rogs

This 29th day of April, 2005.

                Respectfully submitted,

By: *Ross A. Albert* (signature)
Donald A. Loft, Trial Counsel
Georgia Bar No. 455706
Ross A. Albert
Georgia Bar No. 007749
Jeffrey K. Douglass
Georgia Bar No. 227523
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
(404) 233-7000
(404) 365-9532

Robert R. Hearn
Bar No. 0067687
Joshua R. Heller
Bar No. 0502901
ZUCKERMAN SPAEDER LLP
101 East Kennedy Boulevard
Suite 1200
Tampa, Florida 33602
813-221-1010
813-223-7961 (FAX)

Attorneys for Plaintiffs FELICIANO S. SABATES, CAROLYN P. SABATES AND MARIO A. SABATES

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO A. SABATES,

    Plaintiff,

v.                                                                          Civil Action No. 8:04-CV-824-T17MSS
                                                                            Lazzara, J.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.

---

FELICIANO S. SABATES and
CAROLYN P. SABATES,

    Plaintiffs,

v.                                                                          Civil Action No. 8:04-CV-825-T26MSS
                                                                            Lazzara, J.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of "Plaintiffs' First Interrogatories to Defendant Howard R. Curd" on counsel of record by Federal Express Standard Delivery addressed as follows:

David J. Stone, Esq.
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

This 29th day of April, 2005.

*Ross A. Albert*
Ross A. Albert
Georgia Bar No. 007749

Counsel for Plaintiffs

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Rd., N.E.
Atlanta, GA 30326-1044
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

#1269071 v1 - H R.Curd: 1st Rogs