AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# Issued by the
## UNITED STATES DISTRICT COURT

__MIDDLE__ DISTRICT OF __FLORIDA, Tampa Division__

MARIO A. SABATES, Plaintiff,
V.
HOWARD R. CURD, HOWARD F. CURD, EILEEN S. CURD, JESUP & LAMONT SECURITIES CORPORATION and KC MAY SECURITIES CORPORATION, Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: ¹ 8:04-CV-824-T17MSS

TO: George J. Zulanas, Jr.
411 Hill Crest Drive
Bradenton, Florida 34209-1837
(941) 746-7271

c/o David J. Stone, Esq.
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Robert R. Hearn, Esq., Zuckerman Spaeder LLP<br>101 East Kennedy Blvd.<br>Tampa, FL 33602    813-221-1010, fax 813-223-7961 | June 21, 2005<br>9:00 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Robert R. Hearn, Esq., Zuckerman Spaeder LLP<br>101 East Kennedy Blvd.<br>Tampa, FL 33602    813-221-1010, fax 813-223-7961 | June 3, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Ross A. Albert*  Attorney for Plaintiffs | 5/17/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Donald A. Loft, Esq.
Ross A. Albert, Esq., Morris Manning & Martin, LLP, 3343 Peachtree Road NE, #1600, Atlanta, GA 30326  (404) 233-7000 fax (404) 365-9532

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED
GEORGE J. ZULANAS, JR.

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT "A"**

### Definitions

1. As used herein, the term "document" or "documents" shall mean any writing or record of any type or description within your possession, custody or control, wherever located, whether printed, or recorded, or filmed, or reproduced by any other mechanical or electrical process, or written or produced by hand, and whether an original, master or copy, including any nonidentical copy, including, without limitation, the following items: agreements; contracts; communications; correspondence; letters; cablegrams; radiograms and telegrams; teletypes, telefax; notes and memoranda; summaries; minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; books, manuals, publications and diaries; laboratory and engineering reports and notebooks; charts, graphs, and plans; specifications; sketches and drawings; photographs, whether still or motion; computer tapes or printouts; reports and summaries of investigations; studies; statements; opinions and reports of consultants; sales records, including purchase orders and invoices; receipts; checks; reports and summaries of negotiations; brochures; pamphlets; catalogs and catalog sheets; advertisements; bulletins; circulars; trade letters; press, publicity, and trade releases; drafts or originals or preliminary notes on, and marginal comments appearing on, any document; prospectuses; other reports and records; graphic or manual records or representations of any kind, such as, but not limited to, microfiche, microfilm and videotape records; electronic mail; electronic, mechanical or electric records or representations of any kind, such as, but not limited to, tapes, cassettes, discs and recordings; and any other retrievable data, whether encoded, taped, or coded electrostatically, electromagnetically or otherwise.

## Requests

1.  All documents that support or refute the claims or defenses of any party in the action styled *Bellocco v. Curd, et al.*, Civ. Act. No. 8:02-CV-1141-T-27TBM, currently pending in the United States District Court for the Middle District of Florida, Tampa Division (the "Class Action").

2.  All documents relating to any of the following:

(a) Uniroyal Technology Corporation ("Uniroyal") and/or any officer, employee, representative, broker or agent of Uniroyal;

(b) Jesup & Lamont Securities Corporation ("Jesup and Lamont"), and/or any officer, employee, representative, broker or agent of Jesup & Lamont;

(c) KC May Securities Corporation ("KC May"), and/or any officer, employee, representative, broker or agent of Jesup & Lamont;

(d) Jesup & Lamont Holding Company, and/or any officer, employee, representative, broker or agent of Jesup & Lamont Holding Company;

(e) The Jesup Group, and/or any officer, employee, representative, broker or agent of The Jesup Group;

(f) any parent, affiliate or subsidiary of The Jesup Group, Jesup & Lamont Holding Company and/or Jesup & Lamont, including, without limitation, Jesup & Lamont Group Holdings, Inc., Jesup & Lamont Securities Group, Inc., Jesup & Lamont Clearing Corporation, Jesup & Lamont Capital Markets, Inc., Jesup & Lamont Merchant Partners, L.L.C., Jesup & Lamont Merchant Partners II, Inc., and/or Jesup & Lamont Certified Capital, L.L.C., and/or any officer, employee, representative, broker or agent of any of these entities;

(g) Uniroyal Optoelectronics ("UOL"), and/or any officer, employee, representative, broker or agent of UOL;

(h) Uniroyal's Optoelectronics and Semiconductor Division, and/or any officer, employee, representative, broker or agent of Uniroyal's Optoelectronics and Semiconductor Division;

(i) Emcore Corporation ("Emcore"), and/or any officer, employee, representative, broker or agent of Emcore;

(j) Sterling Semiconductor, Inc. ("Sterling"), and/or any officer, employee, representative, broker or agent of Sterling;

(k) Polycast Technology Corporation ("Polycast"), and/or any officer, employee, representative, broker or agent of Polycast;

(l) Broadmark Capital Corporation ("Broadmark Capital"), and/or any officer, employee, representative, broker or agent of Broadmark Capital; and

(m) Broadmark Securities Corporation ("Broadmark Securities"), and/or any officer, employee, representative, broker or agent of Broadmark Securities.

3. All documents reflecting your ownership, acquisition, sale or transfer of Uniroyal stock.

4. All documents relating to any payments, renumeration or compensation of any kind (including, but not limited to the transfer or exchange of any thing of value) between you and any of the following:

(a) Uniroyal, and/or any officer, employee, representative, broker or agent of Uniroyal;

(b) Jesup & Lamont, and/or any officer, employee, representative, broker or agent of Jesup & Lamont;

(c) KC May, and/or any officer, employee, representative, broker or agent of Jesup & Lamont;

(d) Jesup & Lamont Holding Company, and/or any officer, employee, representative, broker or agent of Jesup & Lamont Holding Company;

(e) The Jesup Group, and/or any officer, employee, representative, broker or agent of The Jesup Group;

(f) any parent, affiliate or subsidiary of The Jesup Group, Jesup & Lamont Holding Company and/or Jesup & Lamont, including, without limitation, Jesup & Lamont Group Holdings, Inc., Jesup & Lamont Securities Group, Inc., Jesup & Lamont Clearing Corporation, Jesup & Lamont Capital Markets, Inc., Jesup & Lamont Merchant Partners, L.L.C., Jesup & Lamont Merchant Partners II, Inc., and/or Jesup & Lamont Certified Capital, L.L.C., and/or any officer, employee, representative, broker or agent of any of these entities;

(g) UOL, and/or any officer, employee, representative, broker or agent of UOL;

(h) Uniroyal's Optoelectronics and Semiconductor Division, and/or any officer, employee, representative, broker or agent of Uniroyal's Optoelectronics and Semiconductor Division;

(i) Emcore, and/or any officer, employee, representative, broker or agent of Emcore;

(j) Sterling, and/or any officer, employee, representative, broker or agent of Sterling;

(k) Polycast, and/or any officer, employee, representative, broker or agent of Polycast;

(l) Broadmark Capital, and/or any officer, employee, representative, broker or agent of Broadmark Capital; and

(m) Broadmark Securities, and/or any officer, employee, representative, broker or agent of Broadmark Securities.

5. All documents relating to the growth and business prospects of Uniroyal, UOL and/or Uniroyal's Optoelectronics and Semiconductor Division, including but not limited to any statements that:

(a) UOL was capable of, and was, mass producing commercially saleable High Brightness Light Emitting Diodes (HB-LEDs) and other products;

(b) Sterling was a valuable asset; and/or

(c) Uniroyal had the resources to facilitate Sterling's expansion in to the production of devices based on Sterling's silicon compound semiconductors,

(d) that UOL experienced manufacturing difficulties relating to HB-LEDs; and/or

(e) that Sterling was facing bankruptcy when purchased by Uniroyal.

6. All documents relating to any securities accounts you maintain or have maintained at Jesup & Lamont, KC May, Broadmark Capital, Broadmark Securities, or any of their respective parents, affiliates or subsidiaries.

7. All documents relating to any research reports ("Reports") that Jesup & Lamont, KC May, Broadmark Capital, Broadmark Securities disseminated to the investing public or any of its customers, including but not limited to Reports issued by KC May (then known as Jesup &

Lamont) bearing the following dates: August 30, 2000; December 15, 2000; February 7, 2001; May 9, 2001; June 21, 2001; August 9, 2001; August 15, 2001; and September 24, 2001.

8. All documents relating to communications between you and the National Association of Securities Dealers (the "NASD"), the New York Stock Exchange (the "NYSE"), the U.S. Securities and Exchange Commission (the "SEC") and/or the U.S. Department of Justice (the "DOJ") and/or any other federal or state law enforcement agency, including, without limitation, copies of all written correspondence and drafts thereof and all notes, memoranda, and meeting minutes.

9. All documents related to any investigations and/or enforcement and/or disciplinary actions involving the trading, purchase or sale of securities in which you were involved, including, without limitation, any investigation or action brought by the NASD, the NYSE, the SEC, the DOJ, and/or any other federal or state law enforcement agency.

10. All documents relating to Feliciano ("Felix") S. Sabates, Carolyn P. Sabates and/or Mario A. Sabates.

11. All documents relating to Uniroyal's cessation of operations and/or bankruptcy.

12. The Complaints in any prior lawsuits in which you were a party.

13. All documents relating to any brokerage accounts you presently maintain or have maintained for the past ten (10) years, including any documents relating to any activity in those accounts.

14. All documents relating to any business or financial transactions or dealings, including but not limited to payments, renumeration or compensation, and/or the transfer or exchange of value:

(a) Howard R. Curd;

(b)   Howard F. Curd; and

(c)   Eileen Curd f/k/a Eileen Sena.