

# MORRIS, MANNING & MARTIN, LLP
### ATTORNEYS AT LAW

May 12, 2005

Ross A. Albert
404-504-7768
ralbert@mmmlaw.com
www.mmmlaw.com

**VIA FACSIMILE (212-801-6400)**
**and U.S. MAIL**

David J. Stone, Esq.
Greenberg Traurig, P.A.
MetLife Building
200 Park Avenue
New York, NY 10166

Re:   *Mario A. Sabates v. Howard R. Curd, et al.*, Case No. 8:04-CV-824-T26MSS
       (consolidated) (M.D. Fla.)

Dear David:

  I write in response to your letter of May 9, 2005 in which you informed us for the first time that Defendants will not be able to begin depositions on May 31, and that you have once again sought to delay proceedings in this case. As you know, we spent hours on the telephone and exchanging drafts by e-mail in connection with the Case Management Report, which became the basis for the Case Management Order entered by Judge Lazzara on April 4, 2005.

  One item that we carefully negotiated in the Case Management Report was the date on which depositions would begin, which was May 31, 2005. When Plaintiffs sent out their deposition notices, those actions were entirely consistent with what you and I had previously agreed to and with what was enshrined in the Case Management Report that Plaintiffs and Defendants jointly filed. Plaintiffs are thus extremely disappointed that Defendants have reneged on their commitments, particularly a commitment that became part of a Court Order. Plaintiffs are not surprised because this action is consistent with all of Defendants' tactics over the last several months, which have been to defeat Plaintiffs' entitlement to take discovery in this case by any means necessary.

  It has now become clear to us that Defendants were not negotiating in good faith over the dates and terms of the Case Management Report because they always intended to file an eleventh hour motion to consolidate, which, if successful, would vacate all or virtually all of the dates set forth therein. Plaintiffs have thus experienced substantial prejudice as a result of all the effort and expense they put into negotiating and preparing the Case Management

| Atlanta | 1600 Atlanta Financial Center | With offices in | Washington, D.C. |
| 404.233.7000 | 3343 Peachtree Road, N.E. | | Charlotte, North Carolina |
| | Atlanta, Georgia 30326-1044 | | |
| | Fax: 404.365.9532 | | |

MORRIS, MANNING & MARTIN, LLP

David J. Stone, Esq.
May 12, 2005
Page 2

Report. Plaintiffs also note that Defendants' motion to consolidate offers no explanation, not only for why it was not filed at the outset of this case in April 2004, but also why it was not filed in March 2005 before the parties expended substantial time and effort in order to reach agreement on the precise date and terms set forth in the Case Management Report.

Given that Defendants have reneged on their agreement to begin depositions on May 31, 2005 Plaintiffs reserve all their rights. Particularly in light of Judge Lazzara's recent rulings, including his denial (without prejudice) of your motion to consolidate, Plaintiffs doubt that Defendants could meet their legal burden for obtaining a protective order, given the clear evidence of their bad faith. Nevertheless, in order to avoid troubling the Court unnecessarily, Plaintiffs are willing to discuss possible alternative dates for the depositions of Howard R. Curd and the corporate representative of KC May. Plaintiffs' willingness to make such accommodations may largely turn on the adequacy of Defendants' responses to the outstanding document requests. Plaintiffs will seek a ruling from Judge Lazzara if it becomes apparent that Defendants have once again failed to meet their discovery obligations in producing documents.

As to other matters in your letter of May 9, I bring your attention to Local Rule 3.04(b), which states the "general policy" in the Middle District of Florida that "a non-resident defendant who intends to be present in person at trial may reasonably be deposed at least once in this District . . . ." Accordingly, Plaintiffs believe that the 30(b)(6) deposition of KC May should go forward in the Middle District, at the Orlando offices of Greenberg Traurig, if you prefer. Plaintiffs also disagree that with your assertion that "if KC May designates Howard F. Curd as if Rule 30(b)(6) representative, the KC May deposition will be the only opportunity for Plaintiffs to depose Howard F. Curd in this litigation."

As you know, Plaintiffs set forth their need in the Case Management Report to have two days each to depose Howard R. Curd, Howard F. Curd and Eileen Curd. In addition, KC May has attempted to interpose the defense that manipulative and fraudulent actions taken by Howard F. Curd while he was the President and sole record owner of KC May were only for his own personal benefit and were otherwise unauthorized. Accordingly, Plaintiffs have all the more of a compelling need to obtain Howard F. Curd's testimony in both his KC May and his personal capacities. Plaintiffs' tentative plan is to have up to one full seven-hour deposition day with Howard F. Curd in each of these capacities.

We will talk with our clients about possible dates for depositions. Consistent with Local Rule 3.04(b), we would plan to make Mario Sabates available for a deposition in Tampa or possibly Atlanta, depending on his preference and if you would find that more convenient, due to the ease and lesser expense of air travel from New York to Atlanta. As indicated in prior correspondence, both Felix and Carolyn Sabates have recently been hospitalized with serious medical problems, and are now convalescing. We understand,

MORRIS, MANNING & MARTIN, LLP

David J. Stone, Esq.
May 12, 2005
Page 3

however, that they will likely have recovered sufficiently to be deposed before the existing deadline for the completion of discovery. Given the poor health of both Mr. and Mrs. Sabates, we intend to make them available in Charlotte, North Carolina, as we believe their medical conditions overcome the presumption set forth in Local Rule 3.04(b). Even as to Mario, however, we will not agree to any dates until all arrangements are in place for the depositions of Howard R. Curd and the corporate representative of KC May. Once bitten, twice shy.

Very truly yours,

MORRIS, MANNING & MARTIN, LLP

*Ross A. Albert*

Ross A. Albert

RAA:clm