# Greenberg
# Traurig

David J. Stone
(212) 801-2124
DStone@gtlaw.com

May 17, 2005

**BY FEDERAL EXPRESS**

Ross A. Albert, Esq.
Morris, Manning & Martin, L.L.P.
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326-1044

                Re:    <u>Sabates v. Curd, et al.</u>

Dear Ross:

      This letter responds to yours of May 13, 2005.

      We received your notices of deposition on May 2, 2005, purporting to notice Curd's deposition for May 31, 2005, and KC May's deposition for June 1, 2005. You noticed the depositions without first consulting us as to whether the dates you chose were agreeable. We notified you on May 9 that the dates would not work because I will be on trial and Ron will be out of the country.

      As you are well aware, we never agreed to make our clients available for deposition on May 31, 2005, or June 1, 2005. When we negotiated the case management order, you did not ask if our clients would be available on those dates, and we did not suggest they would. Moreover, when we were negotiating the case management order, I did not know that I would be on trial in another matter at the end of May, and I did not know that Ron would be out of the country. In fact, you now claim, for the first time, that Felix and Carolyn would not have been available for deposition on May 31 if we had noticed their depositions, even though, according to you, you agreed to make them available on that date. And you now suggest that they may not be available for months.

      Your claim of delay is, as usual, unfounded. There is more than one year before the close of fact discovery. Curd's and KC May's responses and objections to Plaintiffs' interrogatories and document requests are not due until June 1, 2005 – the date you selected for the latter deposition. (For this reason, your suggestion that Defendants' discovery responses will be relevant to your decision to adjourn the depositions makes no sense.) No documents will be produced by the dates you unilaterally chose for the depositions. There is simply no reason for you to insist that our clients be deposed on May 31 or June 1, prior to the receipt of any discovery, other than your desire to harass them and force them to incur costs. Indeed, contrary to your repeated misrepresentations, I

Ross A. Albert, Esq.
May 17, 2005
Page 2

now inform you for the *third* time that our clients' costs *are not* fully covered by insurance. They are paying out of their own pockets.

Let me know when you think Felix, Carolyn and Mario will be available for deposition. We will schedule all of the party depositions to go forward in the same time frame. We will not agree to make our clients available early in discovery and then wait months for yours. In fact, if Felix and Carolyn are as ill as you suggest, we may need to depose them quickly in order to preserve their testimony.

Further, Howard R. Curd will be available at our offices in Florida. Howard F. Curd, whether individually or as a representative of KC May, will be available at our offices in New York. Both will be offered for one day. Given the fact that the allegations against Howard F. overlap completely with the allegations against KC May, there are no grounds for separate depositions, other than your desire to harass Howard F. and force him to incur additional costs.

Your claim that the Motion for Consolidation prejudiced your clients is without merit. As you have admitted in papers filed with the Court, from the onset of the litigation, the parties discussed the fact that Defendants would not agree to produce discovery twice in this case and the *Bellocco* action. You admitted that duplicative discovery would require my clients to incur unnecessary expense. We have informed you on many occasions that we would seek consolidation in the event you attempted to obtain independent discovery on *Bellocco* issues. Defendants expressly reserved their right to do so in response to your Motion for Clarification of the Court's March 1, 2005, Order.

There is no reason to respond to the rest of the gratuitous insults and attacks in your letter. They are, as you know, without merit. I do not understand why you insist on such dramatics. The case is not scheduled for trial until 2007, which is entirely consistent with the expected schedule for a Track III action in the Middle District of Florida.

Please let me know whether you agree to adjourn the noticed dates for Curd's and KC May's depositions and negotiate dates for all party depositions.

Sincerely,

David J. Stone

DJS/mls