## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA

ROSA BELLOCCO, on behalf of herself and all others similarly situated,

                   Plaintiff(s),

        v.

HOWARD R. CURD, ROBERT L. SORAN, and GEORGE J. ZULANAS, JR.,

                 Defendants.

Civil Action No.: 8:02-CV-1141-T-27TBM

## STIPULATION AND AGREEMENT OF SETTLEMENT

Lead Plaintiffs Fuller & Thaler Asset Management, Inc. and Dwight Tracy ("Lead Plaintiffs"), on behalf of the Class (as hereinafter defined), by and through their undersigned attorneys ("Lead Counsel"), and Defendants Howard R. Curd, Robert L. Soran, and George J. Zulanas, Jr. (collectively, the "Defendants" or "Individual Defendants"), by and through their undersigned attorneys ("Defendants' Counsel"), submit this stipulation and agreement of settlement dated November 22, 2005 (the "Stipulation"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS:

A.      In or about July 2002, five class action complaints were filed in the United States District Court for the Middle District of Florida (the "Court") against Defendants and Uniroyal Technology Corp. ("Uniroyal" or the "Company"). On September 27, 2002, the Court consolidated the pending actions, and appointed Fuller & Thaler Asset Management, Inc. and Dwight Tracy Lead Plaintiffs and approved their choice of counsel, Bernstein Liebhard & Lifshitz, LLP ("Lead Counsel"), and liaison counsel for the Class in this consolidated action (the

"Action"). By another Order the same day, the Action was stayed as to Uniroyal, which had filed for bankruptcy protection on August 25, 2002.

B.    The Consolidated Class Action Complaint (the "Complaint") was filed on November 15, 2002, and alleges two claims for relief:  the first claim asserts claims against Howard R. Curd ("Curd"), Chairman of the Board and Chief Executive Officer of Uniroyal, Robert L. Soran ("Soran"), President, Director and Chief Operating Officer of Uniroyal, and George J. Zulanas Jr. ("Zulanas"), Executive Vice President, Chief Financial Officer and Treasurer of Uniroyal, for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"). The second claim asserts claims against all Defendants as control persons under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). In the Complaint, Plaintiffs allege that Defendants made materially false and misleading statements about Uniroyal, its operations, businesses, and financial condition. Plaintiffs further allege that, despite knowledge of the true circumstances, Defendants withheld such information from the market and otherwise caused the misleading statements to be published through Uniroyal's press releases, SEC filings, and other public representations to the detriment of Plaintiffs who purchased Uniroyal stock on the open market during the period February 8, 2000, through and including May 13, 2002 (the "Class Period"). The Complaint alleges that as a result of Defendants' conduct, Uniroyal's securities traded at artificially inflated prices.

C.    On February 6, 2003, Defendants filed a motion to dismiss the Complaint. Defendants argued that some of the claims were time-barred because Plaintiffs purportedly had notice concerning some of the Complaint's allegations more than one year prior to bringing the Action. Defendants also argued that the Complaint failed to adequately plead material

2

misstatements or omissions, and that it failed to plead Defendants' fraudulent intent. Plaintiffs filed their opposition to Defendants' motion to dismiss on April 9, 2003.

     D.     On September 11, 2003, Magistrate Judge Thomas B. McCoun, III issued a report recommending that the District Court sustain most of Plaintiffs' claims (the "Report").

     E.     On October 2, 2003, Defendants filed written objections to the Report, all of which had been rejected by the Magistrate. Plaintiffs filed their opposition to those written objections on October 17, 2003. Before the District Court issued a ruling on Defendants' objections to the Report, Lead Plaintiffs and Defendants (the "Parties") opted to pursue a possible early resolution of the Action.

     F.     On October 20, 2005, the Court adopted, confirmed, and approved the Report in all respects.

     G.     Shortly after the Court's ruling, the parties were able to memorialize a tentative settlement in a Memorandum of Understanding that was executed by the Parties.

     H.     Defendants deny any wrongdoing, fault, liability or damage to Lead Plaintiffs or the Class, deny that they engaged in any wrongdoing, deny that they committed any violation of law, and deny that they acted improperly in any way. In view, however, of the uncertainty and risk of the outcome of any litigation (especially complex securities litigation), the difficulties and substantial expense and length of time necessary to defend the proceeding through conclusion of discovery, possible summary judgment motions, a possible trial, possible post-trial motions and possible appeals, and to eliminate the burden and expense of further litigation, Defendants wish to settle the Action and put the Released Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability or damage to Lead Plaintiffs, the Class, or any other person or entity.

3

I.      The Parties have voluntarily agreed to settle the Action after consultation with competent legal counsel. This Stipulation shall not be construed or deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Action or as a concession by any or all of the Defendants of any fault, liability or damage to Lead Plaintiffs, the Class, or any other person or entity, or any infirmity in any defense any or all Defendants asserted or could have asserted.

J.      Lead Counsel states that it has conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint and has researched the applicable law with respect to the claims against Defendants and the potential defenses thereto. Lead Counsel states that its investigation included extensive interviews with current and former Uniroyal employees and reviewing and analyzing (i) various public statements and filings made by Uniroyal and its senior officers with the SEC, (ii) securities analysts' reports concerning the Company, (iii) press releases, (iv) news articles, and (v) other media reports regarding Uniroyal.

K.      Lead Plaintiffs, by their counsel, have conducted discussions and two arm's-length mediation sessions with Defendants before the Hon. Nicholas H. Politan (U.S.D.J. Ret.), to settle the Action and achieve the best relief possible consistent with the interests of the Class.

L.      Lead Counsel has taken extensive confirmatory discovery to ensure that this Settlement is fair, reasonable and adequate to the Class, and is in the Class' best interests. Lead Counsel conducted discovery on, among other things, the underlying events alleged in the Complaint and subsequent events, including the review of hundreds of thousands of pages of documents and interviews of the Individual Defendants.

4

M.    Based upon their investigation, the two (2) mediation sessions before Judge Politan, Uniroyal's financial condition, the insurance resources available to the Defendants, and discovery from the Defendants conducted after the last mediation, Lead Plaintiffs and their counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to the Class, and in its best interests. Lead Plaintiffs have agreed to settle the claims asserted in the Action under the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the Class members will receive from settlement of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

N.    NOW THEREFORE, without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in defenses whatsoever by any or all of the Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective attorneys, subject to Court approval under Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Parties from the Settlement, that all Released Claims (as defined below) against the Released Parties (as defined below) shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the following meanings:

a.    "Authorized Claimant" means a Class member who submits a timely and valid Proof of Claim form to the Claims Administrator.

5

b.    "Claims Administrator" means The Garden City Group, Inc. designated by Lead Counsel subject to Court approval, which shall administer the Settlement.

c.    "Class" and "Class members" mean, for the purposes of the Settlement only, all persons who purchased or otherwise acquired Uniroyal common stock between February 8, 2000 through and including May 13, 2002, and were damaged thereby.  Excluded from the Class are: (i) all persons or entities who acquired Uniroyal shares pursuant to the merger with Sterling Semiconductor, Inc.; (ii) the Defendants, members of each Defendant's immediate family (parents, spouses, siblings, and children), and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, administrators, successors in interest or assigns of any such excluded party; and (iii) the plaintiffs in the *Sabates* action.[1]  Finally, any putative Class member who or which properly requests exclusion from the Class will be so excluded.

d.    "Class Period" means, for the purposes of this Stipulation only, the period between February 8, 2000 through and including May 13, 2002.

e.    "Defendants' Counsel" means the law firm of Greenberg Traurig, LLP.

f.    "Effective Date" means the date upon which the Settlement described in this Stipulation shall become effective, as set forth in paragraph 27 below.

g.    "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA.

---

[1] *Sabates* refers to *Feliciano S. Sabates and Carolyn P. Sabates v. Howard R. Curd, et al.*, 8:04-cv-00824-RAL-MSS (M.D. Fla.), which case consolidated the actions of *Mario A. Sabates v. Howard R. Curd, et al.*, 8:04-cv-824-T26MSS and *Feliciano S. Sabates and Carolyn P. Sabates v. Howard R. Curd, et al.*, 8:04-cv-825-T26MSS.

h.    "Lead Plaintiffs" means Fuller & Thaler Asset Management, Inc. and Dwight Tracy.

i.    "Lead Counsel" means the law firm of Bernstein Liebhard & Lifshitz, LLP.

j.    "Net Settlement Fund" means the Settlement Fund less the costs of providing Notice to the Class, administrative expenses incurred in connection with the Settlement, including any Taxes, and any attorneys' fees and expense award.

k.    "Notice" means the Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund, to be sent to Class members substantially in the form attached as Exhibit A-1.

l.    "Order and Final Judgment" means the order to be entered by the Court approving the Settlement substantially in the form attached as Exhibit B.

m.    "Parties" means Lead Plaintiffs Fuller & Thaler Asset Management, Inc. and Dwight Tracy, and Defendants Curd, Soran, and Zulanas.

n.    "Plaintiffs" means any of the persons named as plaintiff in the complaints filed and consolidated in the Action against Uniroyal, Curd, Soran, and/or Zulanas.

o.    "Plaintiffs' Counsel" means Lead Counsel and all of the other attorneys representing Plaintiffs in the Action.

p.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached as Exhibit A.

q.    "Proof of Claim" means the proposed Proof of Claim and Release form substantially in the form attached as Exhibit A-2.

7

   r.  "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit A-3.

   s.  "Released Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action and liabilities of any kind or nature whatsoever, whether in law or equity, including both known and Unknown Claims (as defined below), suspected or unsuspected, accrued or unaccrued, held at any point up to the date of this Stipulation's execution by any Class member in the Action against any or all Released Parties, arising out of, connected with, or in any way relating, directly or indirectly, to the subject matters of the Action or the acquisition, ownership or sale of Uniroyal common shares, including any claims that have been or could have been asserted in the Action against any or all Released Parties; provided, however, Released Claims shall not include any claim arising out of the violation or breach of this Stipulation.

   t.  "Released Parties" means Uniroyal, Howard R. Curd, Robert L. Soran, George J. Zulanas, and the Insurer, and each of their respective past or present subsidiaries, parents, successors, predecessors, officers, directors, shareholders, general or limited partners, representatives, affiliates, members, managers, agents, employees, attorneys, advisors and investment advisors, auditors, accountants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any of them has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, executors, administrators, successors in interest or assigns of any of them.

   u.  "Settled Defense Claims" means all claims of every nature and description, known or unknown, that have been or could have been asserted in the Action or any forum by the Released Parties, or any of them individually, against any of the Plaintiffs, Lead

Plaintiffs, Class members and their legal representatives, heirs, successors or assigns, and/or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action; provided, however, Settled Defense Claims shall not include any claim arising out of the violation or breach of this Stipulation.

        v.     "Settlement" means the settlement described in this Stipulation.

        w.     "Settlement Fund" means the fund created by Uniroyal and the Insurer, on behalf of the Released Parties, consisting of the sum of two million six hundred fifty thousand dollars ($2,650,000.00).

        x.     "Settlement Hearing" means the hearing held by the Court to determine whether the Settlement is fair, reasonable, adequate and in the Class's best interests, and should be approved.

        y.     "Taxes" means any taxes on (a) the income of the Settlement Fund, and (b) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

        z.     "Unknown Claims" means any and all Released Claims that any Plaintiff or Class member does not know or suspect to exist in his, her or its favor upon the Released Claims' release, and any Settled Defense Claims that any Defendant does not know or suspect to exist in his, her or its favor upon the Settled Defense Claims' release, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defense Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Class member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law, rules or regulations of

9

any state or territory of the United States or any other country, or principle of common or civil

law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS
> SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs and Defendants acknowledge, and the Class members by operation of law shall

be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of

Released Claims and Settled Defense Claims was separately bargained for and was a key

element of the Settlement.

### SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred in this Stipulation shall be in full and final disposition of

the Action and any and all Released Claims against any and all Released Parties.

3.      Upon the Effective Date, Lead Plaintiffs shall dismiss the Action with prejudice

and without any claim for costs, except as provided herein, and Lead Plaintiffs and the Class

members, on behalf of themselves and each of their past or present officers, directors,

shareholders, employees, agents, representatives, general or limited partners, managers,

members, affiliates, parents, subsidiaries, heirs, executors, administrators, successors and

assigns, and any persons they represent, shall, with respect to each and every Released Claim,

release and forever discharge, and shall forever be enjoined from prosecuting, directly or

indirectly, any Released Claim against any or all of the Released Parties.

4.      Upon the Effective Date, each of the Released Parties shall release and forever

discharge each and every one of the Settled Defense Claims, and shall forever be enjoined from

prosecuting, directly or indirectly, the Settled Defense Claims.

10

## THE SETTLEMENT CONSIDERATION

5.    Defendants shall cause the Insurer, on behalf of the Released Parties, to create the Settlement Fund for the benefit of Lead Plaintiffs and the Class.  The Insurer shall pay the Settlement Fund to Lead Counsel, in settlement of all Released Claims against the Released Parties no later than the latter of: (i) five (5) days after the Court's preliminary approval of the Settlement, or (ii) November 22, 2005, which represents sixty (60) days from the date agreement to the settlement was reached, September 23, 2005.  Lead Counsel shall hold all funds in escrow for the purposes hereof and shall administer the account.  If the Court does not enter the Order and Final Judgment, or if the Order and Final Judgment does not become final, or if the Settlement is otherwise terminated or does not become effective for any reason, the Settlement Amount, less any Taxes and costs and expenses incurred and paid or to be incurred, shall be refunded to the Insurer within five (5) business days.

6.    All claims of the Class, all fees and expenses of Class counsel, experts, consultants, and agents, and all administrative or other approval expenses of the Settlement, including Taxes, if any, shall be paid from the Settlement Fund.  Class members shall look solely to the Settlement Fund for settlement and satisfaction of any and all Released Claims against any and all of the Released Parties.  Except as expressly provided in this Stipulation or by Court order, no Class member shall have any interest in the Settlement Fund or any portion thereof.

7.    The Settlement Fund, net of any Taxes, shall be used to pay (i) the costs of providing Notice to the Class, (ii) the remaining administrative expenses in connection with the Settlement, and (iii) the attorneys' fees and expense award described in paragraph 10.  The Net Settlement Fund shall be distributed to the Authorized Claimants as provided in paragraphs 14-16.  Except as expressly stated in this Stipulation, Defendants, Defendants' Counsel, and the

11

Insurer shall not be liable for Notice costs and administrative expenses, fees to the Claims Administrator or escrow account agent, any other costs of administering the Settlement Fund and/or related expenses, attorneys' fees and reimbursement of expenses awarded by the Court, and amounts due and payable to Class members. Any sums required to be held hereunder shall be held in escrow by Lead Counsel, shall be deemed to be in the custody, and shall remain subject to the jurisdiction, of the Court until the funds are distributed pursuant to this Stipulation and/or further Court order. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the custodian of the funds, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.

8.    All Taxes shall be paid out of the Settlement Fund, shall be considered to be a cost of the Settlement's administration and shall be timely paid by the escrow agent without prior Court Order. The Released Parties and the Defendants' Counsel shall have no liability with respect to any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund.

**ADMINISTRATION**

9.    Lead Counsel may designate the Claims Administrator, subject to the Court's approval. Defendants, the Released Parties, and the Insurer shall have no responsibility or liability concerning the appointment of the Claims Administrator or any actions taken by the Claims Administrator. Defendants or Defendants' counsel shall promptly, but in no case later than twenty-one (21) business days after execution of the Memorandum of Understanding, provide or cause to be provided Uniroyal's shareholder lists as appropriate for providing notice

12

to the Class. To the extent available, the records shall be provided in an electronic or machine-readable format, without charge to any other Party. Plaintiffs and Lead Counsel agree that Defendants' and Defendants' Counsel's inability to provide additional information identifying the members of the Class shall not affect the validity or finality of the Settlement, unless the Court determines otherwise.

**ATTORNEYS' FEES AND EXPENSES**

10.    Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund plus reimbursement of expenses, plus interest, in such amounts as the Court may approve. Such attorneys' fees, expenses, and interest as the Court awards shall be paid exclusively from the Settlement Fund to Lead Counsel immediately upon award, notwithstanding the potential for appeal there from, or collateral attack on the Settlement or any part thereof, unless objections have been timely filed thereto. Lead Counsel unconditionally guarantees to refund or repay to the Settlement Fund up to the entire amount of such attorneys' fees and expenses award, plus accrued interest at the same rate earned by the Settlement Fund, less any costs of Notice or administrative expenses incurred, and less any Taxes, if and when the attorneys' fees and expenses award is reduced or reversed. Any decision by the Court or any other court concerning the amount of any fee award shall not affect the validity or finality of the Order and Final Judgment. Lead Counsel hereby agrees that it will be subject to the continuing jurisdiction of the Court in connection with the award of any attorneys' fees and/or the reimbursement of expenses. Defendants and the Insurer take no position on Lead Counsel's application for attorneys' fees and reimbursement of expenses. Defendants, Defendants' Counsel and the Insurer shall have no responsibility for or liability

relating to the allocation of attorneys' fees and/or the reimbursement of expenses among

Plaintiffs' Counsel.

11.    The Court's granting any application by Lead Counsel for attorneys' fees and

reimbursement of expenses is not a condition of the Settlement. Lead Counsel's request for

attorneys' fees and reimbursement of expenses is to be considered separately from the Court's

consideration of whether the Settlement is fair, reasonable, adequate and in the Class's best

interests. Any order or proceedings related to any request for attorneys' fees or reimbursement

of expenses, or any appeal from any order or proceedings related thereto, shall not affect or delay

the Effective Date and the finality of the Order and Final Judgment approving the Settlement.

### ADMINISTRATION EXPENSES

12.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an

order (the "Class Distribution Order") approving the Claims Administrator's administrative

determinations concerning the acceptance and rejection of submitted claims and approving any

fees and expenses not previously applied for, including the fees and expenses of the Claims

Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement

Fund to Authorized Claimants.

13.    The Court's approval of these administrative determinations and the Plan of

Allocation on which they are based (described in the Notice attached as Exhibit A-1) is not a

condition of the Settlement. The Plan of Allocation and determinations made thereunder shall be

considered separately from the Court's consideration of whether the Settlement is fair,

reasonable, adequate and in the Class's best interests. Any order or proceedings relating to the

Plan of Allocation and determinations thereunder, or any appeal from any order or proceedings

14

relating to the Plan of Allocation or any determinations thereunder, shall not affect or delay the

Effective Date and the finality of the Order and Final Judgment.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

14.    The Claims Administrator shall determine each Authorized Claimant's *pro rata*

share of the Net Settlement Fund based upon each Authorized Claimant's Allowable Claim (as

defined in the Plan of Allocation described in the Notice attached as Exhibit A-1, or in such other

Plan of Allocation as the Court approves).

15.    The Plan of Allocation proposed in the Notice is not a necessary term of this

Stipulation, and this Stipulation is not conditioned on its approval.

16.    Each Authorized Claimant shall be allocated a *pro rata* share of the Net

Settlement Fund based on his or her recognized claim compared to the total Recognized Claims

of all accepted claimants. This is not a claims-made settlement. Defendants and the Insurer shall

not be entitled to get back any of the Settlement Fund once the Settlement becomes final.

Defendants and the Insurer shall have no involvement in reviewing or challenging claims.

## ADMINISTRATION OF THE SETTLEMENT

17.    Any Class member who does not submit a valid Proof of Claim will not be

entitled to receive any proceeds from the Net Settlement Amount, but will otherwise be bound by

all of the terms of this Stipulation, the Settlement, and the Order and Final Judgment, including

the releases, covenants, and injunctions provided for herein and therein, and will be barred from

bringing any action, directly or indirectly, against any or all of the Released Parties concerning

any or all of the Released Claims.

18.    Lead Counsel shall be responsible for supervising the administration of the

Settlement and the Claims Administrator's disbursement of the Net Settlement Fund. Except for

the obligation of the Insurer to pay into the Settlement Fund, as described in paragraph 5 above, and the obligation of Defendants and Defendants' Counsel to cooperate in the production of information with respect to the identification of Class members from Uniroyal's shareholder transfer records, as described in paragraph 9 above, Defendants, Defendants' Counsel, and the Insurer shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proof of Claim submitted in the interests of achieving substantial justice.

19.    For purposes of determining the extent, if any, to which a Class member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

a.    Each Class member shall be required to submit a Proof of Claim (*see* attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as Lead Counsel, in its discretion, may deem acceptable;

b.    All Proofs of Claim must be submitted by the date specified in the Notice, unless such period is extended by Order of the Court. Any Class member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to the Settlement (unless, by Order of the Court, a later submitted Proof of Claim by such Class member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases, covenants, and injunctions provided for herein and therein, and will be barred from bringing any action, directly or indirectly, against any or all of the Released Parties concerning any or all of the Released Claims. Provided that it is received before the

16

motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

   c.  Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

   d.  Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy the curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

   e.  If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a

dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

      f.      The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on written notice to the Released Parties' Counsel, for approval by the Court in the Class Distribution Order.

20.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class member and the validity and amount of the Claimant's claim. No discovery shall be allowed of Defendants, the Insurer, or the Released Parties or on the merits of the Action or Settlement in connection with processing of the Proofs of Claim, and Defendants shall not be required to provide any information or discovery in connection with processing Proofs of Claim, except as provided herein or ordered by the Court.

21.      Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class members. All Class members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation, the Settlement, and the Order and Final Judgment, including the releases, covenants, and injunctions provided for herein and therein, and will be barred from bringing any action, directly or indirectly, against any or all of the Released Parties concerning any or all of the Released Claims.

22.      All proceedings with respect to the administration, processing, and determination of claims described by paragraph 19 of this Stipulation and the determination of all controversies

relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

23.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court and all appeals therefrom have been finally resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

## TERMS OF PRELIMINARY APPROVAL ORDER

24.     As soon as practicable following this Stipulation's execution, the Parties shall jointly apply to the Court for entry of a Preliminary Approval Order, and Lead Counsel shall move for certification of the Class solely for purposes of this Settlement, pursuant to Rule 23 of the Federal Rule of Civil Procedure.

## TERMS OF ORDER AND FINAL JUDGMENT

25.     If the Settlement described in this Stipulation is approved by the Court, counsel for the Parties shall request that the Court enter the Order and Final Judgment.

## SUPPLEMENTAL AGREEMENT

26.     Lead Counsel and Defendants' Counsel have executed a "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be withdrawn or terminated by Defendants if potential Class members who purchased in excess of a certain

19

number of shares of Uniroyal common stock during the Class Period exclude themselves from

the Class. The Supplemental Agreement shall not be filed prior to the Settlement Hearing unless

a dispute arises about its terms. In the event of a withdrawal from this Stipulation under the

Supplemental Agreement, this Stipulation shall become null and void and of no further force and

effect, except that the provisions of paragraph 29 shall apply. Notwithstanding the foregoing, the

Stipulation shall not become null and void as a result of Defendants' or the Insurer's election to

exercise their option to withdraw from the Stipulation until the conditions in the Supplemental

Agreement have been satisfied.

### EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

27.    The Effective Date of Settlement shall be the date when all the following shall

have occurred:

a.    entry of the Preliminary Approval Order in all material respects in the

form attached as Exhibit A;

b.    the Court's approval of the Settlement, following Notice to the Class and

the Settlement Hearing, as prescribed by Rule 23 of the Federal Rule of Civil Procedure; and

c.    the Court's entry of the Order and Final Judgment, and the expiration of

any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not

dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is

no longer subject to review upon appeal or review by writ of certiorari; or, if the Court enters an

order and final judgment in form other than that provided above (the "Alternative Judgment")

and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative

Judgment becomes final and no longer subject to appeal or review.

28.     In addition to the provisions set forth in paragraph 26, Defendants, Defendants' Counsel, the Insurer, Lead Counsel and Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of such election to the signatories hereto within thirty (30) calendar days of: (i) the Court's declining to enter the Preliminary Approval Order; (ii) the Court's refusal to approve this Stipulation or any material part of it; (iii) the Court's declining to enter the Order and Final Judgment, other than with respect to the Plan of Allocation or award of attorneys' fees and reimbursement of expenses to Lead Counsel; (iv) the date on which the Order and Final Judgment is modified or reversed in any material respect by any court; or (v) the date on which an Alternative Judgment is modified or reversed in any material respect by any court. Notwithstanding the foregoing, a decision by the Court to award attorneys' fees and expenses in an amount less than the amounts applied for by Lead Counsel shall not create in Lead Counsel a right to terminate the Settlement.

29.     Except as otherwise provided herein, if the Settlement is terminated or fails to become effective for any reason, then (a) the Settlement shall be without force and effect upon the Parties' rights, and none of its terms shall be effective or enforceable, except to the extent costs of Notice and administrative expenses have been incurred or expended under this Stipulation; (b) this Stipulation, the fact and terms of the Settlement, and all oral and written communications and other documents pertaining to the Settlement shall be null and void and without prejudice, and shall not be referred to by any Party or admissible in any further proceedings in the Action; (c) the balance remaining in the Settlement Fund, together with any amounts of any fees previously awarded to Lead Counsel and paid out of the Settlement Fund, less any Taxes and costs of Notice or administrative costs or expenses incurred and paid and to be incurred before such termination, shall be returned to the Insurer within five (5) business

21

days; and (d) the Parties shall revert to their litigation positions immediately before September 23, 2005, the date agreement to Settlement of the Action was reached.

## NO ADMISSION OF WRONGDOING

30.     This Stipulation, whether or not consummated, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or any negotiation, discussion or proceedings in connection with this Stipulation or the Settlement:

a.     shall not be offered or received against any or all Released Parties for any reason including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any or all Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any or all Released Parties;

b.     shall not be offered or received against any or all Released Parties as evidence of or construed as or deemed evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any or all Released Parties, or against Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

c.     shall not be offered or received against any or all Released Parties as evidence of or construed as or deemed evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding (including, but not limited to, any formal or informal

22

investigation or inquiry by the SEC, state insurance authorities, or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, any or all Released Parties may refer to it to effectuate the liability protection granted them hereunder;

        d.     shall not be offered, received, or construed against any or all Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

        e.     shall not be offered, construed or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund. Any or all Released Parties may file the Stipulation and/or the Order and Final Judgment in any other action or proceeding that may be brought against any or all of them in support of a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Lead Plaintiffs understand, acknowledge, and agree that the Released Parties have denied and continue to deny each and all claims of alleged wrongdoing; and

        f.     shall not be offered, construed or received in evidence as an admission, concession, or presumption against any or all Defendants that class certification would be proper for any purpose other than this Settlement.

## MISCELLANEOUS PROVISIONS

31.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

32.     Counsel for each Defendant is authorized to warrant on behalf of such Defendant, and hereby warrants on his behalf that, as to the payments made by or on behalf of him, at the time of such payment that Defendant made or caused to be made pursuant to paragraph 5 above, he was not insolvent nor will the payment required to be made by or on behalf of him render such Defendant insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This warranty and all other representations, warranties or statements in this Stipulation, unless expressly indicated otherwise, are made by the Parties and not by their counsel.

33.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or that could be or could have been asserted by the Class members against any or all Defendants and/or Released Parties with respect to the Released Claims. Accordingly, Lead Plaintiffs and Defendants agree not to assert in any forum that the Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The Parties shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily during the mediation, after consultation with experienced legal counsel.

34.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their respective successors-in-interest.

35.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

36.    The administration and consummation of the Settlement embodied in this Stipulation shall be under the Court's authority, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel and enforcing the terms of this Stipulation.

37.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

38.    This Stipulation and its exhibits, together with the Supplemental Agreement, constitute the entire agreement among the Parties concerning the Settlement of the Action, and supersede any prior agreements or understandings between the Parties with respect to the Settlement.  No representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits or the Supplemental Agreement, other than those contained and memorialized in such documents.

39.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Parties.

40.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

41.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations

between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

42.     All counsel and any other person executing this Stipulation and any of its exhibits, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

43.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking prompt Court approval of the Stipulation and the Settlement, and the entry of the Order and Final Judgment and the Preliminary Approval Order, and to promptly agree upon and execute all such other documentation and to take all such other action as may be reasonably required to obtain the Court's final approval of the Settlement and the entry of the Order and Final Judgment.

44.     Nothing in this Stipulation, the Settlement, the negotiations relating thereto, the mediation, or the process and content of confirmatory discovery, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege or work product immunity.

45.     This Stipulation may be executed in counterparts, including by signature transmitted by facsimile. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument. The undersigned signatories represent that they have authority from their clients to execute this Stipulation. The terms of this Stipulation and Settlement shall inure to and be binding upon the Parties and Insurer and their successors in interest.

DATED:  November 22, 2005

BERNSTEIN, LIEBHARD & LIFSHITZ, LLP

By: _____
    Jeffrey M. Haber, Esq.
    Felecia L. Stern, Esq.
    Mary U. Hoover, Esq.
    Joseph R. Seidman, Jr., Esq.
10 East 40th Street, 22nd Floor
New York, New York  10016
Telephone:  (212) 779-1414
Facsimile:  (212) 779-3218

**Lead Counsel for Lead Plaintiffs and the
Class**

**GREENBERG TRAURIG, LLP**

By: _____
    Ronald D. Lefton, Esq.
    Peter Yu, Jr., Esq.
200 Park Avenue
New York, New York  10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

**Attorneys for Defendants
Howard R. Curd, Robert L. Soran,
and George J. Zulanas, Jr.**

27