UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA

---------------------------------------------------------------x
ROSA BELLOCCO, on behalf of herself and all : CASE NO.:
others similarly situated, : 8:02-CV-1141-T-27TBM
:
      Plaintiffs, :
:
      V. :
:
HOWARD R. CURD, ROBERT L. SORAN, :
And GEORGE J. ZULANAS, JR., :
:
      Defendants :
:
---------------------------------------------------------------x

**AFFIDAVIT OF JOSE C. FRAGA**
**REGARDING THE MAILINGS OF THE NOTICE AND PROOF OF CLAIM**

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF SUFFOLK  )

      Jose C. Fraga, being duly sworn, deposes and says:

      1.    I am a Director of Securities Operations for The Garden City Group, Inc. ("GCG"), the Claims Administrator authorized by Bernstein Liebhard & Lifshitz, LLP ("Lead Counsel"), pursuant to the Preliminary Approval Order (the "Preliminary Order"), dated January 13, 2006, in connection with the settlement of the above-captioned action (the "Settlement"). I have personal knowledge of the facts stated herein.

      2.    Pursuant to the Preliminary Order, GCG was responsible for disseminating the Notice of Pendency and Settlement of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice") and Proof of Claim and Release (the "Proof of

Claim") of this Settlement to potential Class Members. Toward that end, on or about January 17, 2006, GCG received from Lead Counsel, a CD containing the names and addresses of 1,125 persons or entities who purchased Uniroyal Technology Corporation common stock from February 8, 2000 through and including May 13, 2002. GCG entered these names and addresses into the GCG database created for this Settlement.

3. On or about January 23, 2006, GCG caused the names and addresses of the 1,125 record transferees identified in paragraph two to be preprinted on the Proof of Claim and inserted into envelopes containing the Notice, (collectively, the "Claim Packet"), a copy of which is attached as Exhibit A. These Claim Packets were disseminated to potential Class Members by first-class mail on January 23, 2006. Also, on January 23, 2006, GCG caused Claim Packets to be mailed to 2,827 of the largest brokerage firms, banks, institutions and other nominees.

4. Pursuant to the Preliminary Order, GCG established a toll-free Interactive Voice Response ("IVR") system to accommodate potential Class Members. This system became operational on or about January 23, 2006. As of March 17, 2006 GCG has received a total of 77 calls, out of which 19 claimants left messages or requests to speak with GCG administrators for assistance, all of which have been responded to in a timely manner and 4 potential Class Members requested Claim Packets.

5. Also pursuant to the Preliminary Order, GCG Communications, the media division of GCG, published the Summary Notice of Pendency of Class Action, Proposed Settlement Thereof and Fairness Hearing for distribution in The Wall Street Journal on January 26, 2006. Attached hereto as Exhibit B is the affidavit of Cindy Kehoe, Advertising Clerk for the publisher of The Wall Street Journal, attesting to this publication.

6. As of March 17, 2006, GCG received 5,479 names and addresses of potential Class Members from individuals or from brokerage firms, banks, institutions and other nominees, in the form of disks, emails, labels and lists, requesting that Claim Packets be mailed to these individuals. Also, GCG

7.    In the aggregate, 10,928 Claim Packets (including 609 Claim Packets that were remailed to updated addresses provided to GCG by the US Postal Service) were promptly disseminated to potential Class Members by first-class mail. In addition, on January 24, 2006, a copy of the Notice and Proof of Claim were posted on GCG's website (http://www.gardencitygroup.com), which can be downloaded by potential Class Members.

8.    The Notice informed Class Members that written requests for exclusion from the Class must be mailed to GCG by first-class mail, postmarked no later than March 16, 2006. To date, there has been one (1) request for exclusion from the Class. A copy of this request is attached hereto as Exhibit C.

_____
Jose C. Fraga

Sworn to before me this
21st day of March, 2006

_____
Notary Public

DINANATH GANGAPERSAD
Notary Public - State of New York
NO. 01GA6085793
Qualified in Queens County
My Commission Expires 1/6/07

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA

---------------------------------------------x
ROSa BELLOCCO, on behalf of herself and all others :
similarly situated,

    Plaintiffs,

V.

HOWARD R. CURD, ROBERT L. SORAN, and
GEORGE J. ZULANAS, JR.,

    Defendants.
---------------------------------------------x

CASE NO.:
8:02-CV-1141-T-27TBM

**NOTICE OF PENDENCY AND SETTLEMENT OF
CLASS ACTION, HEARING ON PROPOSED SETTLEMENT AND
ATTORNEYS' FEE PETITION AND RIGHT TO SHARE IN SETTLEMENT FUND**

**TO: ALL PERSONS WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF UNIROYAL TECHNOLOGY CORP. ("UNIROYAL" OR THE "COMPANY") DURING THE PERIOD FEBRUARY 8, 2000 THROUGH AND INCLUDING MAY 13, 2002 (THE "CLASS PERIOD"), WHO SUFFERED DAMAGES THEREBY (THE "CLASS").[1]**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.**

**TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE JUNE 28, 2006.**

    This Notice has been sent to you under Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Florida (the "Court"). This Notice is to inform you of the proposed settlement of this class action litigation (the "Action") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed settlement (the "Settlement"). This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and the Action.

    The proposed Settlement creates a fund in the amount of $2,650,000 in cash (the "Settlement Fund") and will include interest that accrues on the fund prior to distribution. Based on Lead Plaintiffs' counsel's ("Lead Counsel") estimate of the number of shares entitled to participate in the Settlement and the anticipated number of claims Class members are likely to submit: the average distribution per common share before deducting Court-approved fees and expenses would be approximately $.20. Your actual recovery from this fund may be greater or less, however, depending on a number of variables, including your actual loss based on the price of the Uniroyal common stock you purchased or acquired during the Class Period, the number of shares you purchased or acquired, whether you sold any of the Uniroyal common stock you purchased or acquired during the Class Period, the price you received upon the sale of your Uniroyal common stock, the number of claimants, and claims process administration expenses.

    As discussed below (see Point III), Lead Plaintiffs allege that the price of Uniroyal common stock was artificially inflated because Defendants made materially false and misleading statements about Uniroyal, its operations, businesses, and financial condition. Lead Plaintiffs further allege that, despite knowledge of the true circumstances, Defendants withheld such information from the market and otherwise caused the misleading statements to be published through its press releases, SEC filings, financial statements, and other public representations to the detriment of plaintiffs and members of the Class who purchased Uniroyal stock during the Class Period. As a consequence of Defendants' conduct, Uniroyal's securities are claimed to have traded at artificially inflated prices.

    The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. For example, the parties disagree on the following issues: (1) the appropriate economic model for determining the amounts by which Uniroyal common stock was allegedly artificially inflated (if at all) during the Class Period; (2) the effect of various market forces influencing Uniroyal common stock's trading price at various times during the Class Period; (3) the extent to which external factors, such as general market conditions, influenced Uniroyal common stock's trading price at various times during the Class Period; (4) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) Uniroyal common stock's trading price at various times during the Class Period; and (5) whether the statements made were false, material or otherwise actionable under the federal securities laws.

    Although Defendants' motion to dismiss was denied by the Court, there were risks associated with continuing to litigate and proceeding to trial. Defendants denied that they did anything wrong, denied any liability to plaintiffs, and denied that plaintiffs and the Class had suffered any damages.

---

[1] Excluded from the Class are: (i) all persons or entities who acquired Uniroyal shares pursuant to the merger with Sterling Semiconductor, Inc.; (ii) the Defendants, members of each Defendant's immediate family (parents, spouses, siblings, and children), and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, administrators, successors in interest or assigns of any such excluded party; and (iii) the plaintiffs in the consolidated action denominated *Feliciano S. Sabates and Carolyn P. Sabates v. Howard R. Curd, et al.*, 8:04-cv-00824-RAL-MSS (M.D. Fla.).

While Lead Plaintiffs believe they had meritorious claims, Lead Plaintiffs also recognized that there were significant obstacles in their way to recovery. For example, Lead Plaintiffs faced the possibility that the Court could have dismissed all or many claims in this case upon a motion for summary judgment, after trial, or appeal. In addition, recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Defendants could have asserted that all or most of the losses of Class members were caused by non-actionable market factors.

Plaintiffs' Counsel have not received any payment for their services in prosecuting the Action on behalf of Plaintiffs and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Court approves the Settlement, Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Fund, and reimbursement of out-of-pocket expenses not to exceed $120,000 (excluding the costs of providing notice to the Class and the administration of the Settlement), to be paid from the Settlement Fund with applicable interest. If the Court approves the amount requested, the average cost per common share would be approximately $.068. The average cost per share could vary depending on the number of shares for which claims are filed.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Action or the fairness or adequacy of the proposed Settlement.

For further information regarding this settlement you may contact: Jeffrey M. Haber, Esq., Bernstein Liebhard & Lifshitz, LLP, 10 East 40th Street, 22nd Fl. New York, New York 10016, Telephone: (212) 779-1414. Please do not call Uniroyal or any representative of Uniroyal.

## I. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on March 30, 2006 at 9:15 A.M., before the Honorable James D. Whittemore, United States District Judge, at the Sam M. Gibbons United States Courthouse & Federal Building, 801 North Florida Avenue, Tampa, Florida 33602 (the "Settlement Hearing"). The Settlement Hearing's purpose will be to determine: (1) whether the Settlement, consisting of an $2,650,000 cash fund, plus accrued interest for the benefit of the Class, should be approved as fair, just, reasonable and adequate; (2) whether the proposed plan to distribute the Settlement proceeds described herein (the "Plan of Allocation") is fair, just, reasonable, and adequate; (3) whether Lead Plaintiffs and Lead Counsel have adequately represented the Class; (4) whether Plaintiffs' Counsel's application for an attorneys' fees and expenses award should be approved; and (5) whether the Action should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II. DEFINITIONS USED IN THIS NOTICE

1. "Authorized Claimant" means a Class member who submits a timely and valid Proof of Claim form to the Claims Administrator.

2. "Claims Administrator" means The Garden City Group, Inc., designated by Lead Counsel subject to Court approval, which shall administer the Settlement.

3. "Class" and "Class members" mean, for the purposes of the Settlement only, all persons who purchased or otherwise acquired Uniroyal common stock between February 8, 2000 through and including May 13, 2002, and were damaged thereby. Excluded from the Class are: (i) all persons or entities who acquired Uniroyal shares pursuant to the merger with Sterling Semiconductor, Inc.; (ii) Defendants, members of each Defendant's immediate family (parents, spouses, siblings, and children), and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, administrators, successors in interest or assigns of any such excluded party; and (iii) the plaintiffs in the *Sabates* action.[2] Finally, any putative Class member who or which properly requests exclusion from the Class will be so excluded.

4. "Class Period" means, for the purposes of the Settlement only, the period between February 8, 2000 through and including May 13, 2002.

5. "Defendants" means Howard R. Curd, Robert L. Soran, and George J. Zulanas, Jr.

6. "Defendants' Counsel" means the law firm of Greenberg Traurig, LLP.

7. "Effective Date" means the date upon which the Settlement described in this Notice shall become effective.

8. "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA.

9. "Lead Plaintiffs" means Fuller & Thaler Asset Management, Inc. and Dwight Tracy.

10. "Lead Counsel" means the law firm of Bernstein Liebhard & Lifshitz, LLP.

11. "Net Settlement Fund" means the Settlement Fund less the costs of providing Notice to the Class, administrative expenses incurred in connection with the Settlement, including any Taxes, and any attorneys' fees and expenses award.

12. "Notice" means this Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund.

13. "Order and Final Judgment" means the order to be entered by the Court approving the Settlement with substantially the same terms as the suggested order that the Parties upon agreement have jointly submitted to the Court.

---

[2] *Sabates* refers to *Feliciano S. Sabates and Carolyn P. Sabates v. Howard R. Curd, et al.*, 8:04-cv-00824-RAL-MSS (M.D. Fla.), which case consolidated the actions of *Mario A. Sabates v. Howard R. Curd, et al.*, 8:04-cv-824-T26MSS, and *Feliciano S. Sabates and Carolyn P. Sabates v. Howard R. Curd, et al.*, 8:04-cv-825-T26MSS.

2

14.     "Parties" means Fuller & Thaler Asset Management, Inc., Dwight Tracy, Howard R. Curd, Robert L. Soran, and George J. Zulanas, Jr.

15.     "Plaintiffs" means any of the persons named as plaintiff in the complaints filed and consolidated in the above-captioned action against Uniroyal, Howard R. Curd, Robert L. Soran, and George J. Zulanas, Jr.

16.     "Plaintiffs' Counsel" means Lead Counsel and all of the other attorneys representing Plaintiffs in the Action.

17.     "Proof of Claim" means the proposed Proof of Claim and Release form attached to this Notice.

18.     "Released Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action and liabilities of any kind or nature whatsoever, whether in law or equity, including both known and Unknown Claims (as defined below), suspected or unsuspected, accrued or unaccrued, held at any point up to the date of the Stipulation's execution by any Class member in the Action against any or all Released Parties, arising out of, connected with, or in any way relating, directly or indirectly, to the subject matters of the Action or the acquisition, ownership or sale of Uniroyal common shares, including any claims that have been or could have been asserted in the Action against any or all Released Parties; provided, however, Released Claims shall not include any claim arising out of the violation or breach of the Settlement.

19.     "Released Parties" means Uniroyal, Howard R. Curd, Robert L. Soran, George J. Zulanas, Jr., and the Insurer, and each of their respective past or present subsidiaries, parents, successors, predecessors, officers, directors, shareholders, general or limited partners, representatives, affiliates, members, managers, agents, employees, attorneys, advisors and investment advisors, auditors, accountants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any of them has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, executors, administrators, successors in interest or assigns of any of them.

20.     "Settled Defense Claims" means all claims of every nature and description, known or unknown, that have been or could have been asserted in the Action or any forum by Defendants, the Released Parties or any of them individually, or the successors and assigns of any of them against any of the Plaintiffs, Lead Plaintiffs, Class members and their legal representatives, heirs, successors or assigns, and/or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action; provided, however, Settled Defense Claims shall not include any claim arising out of the violation or breach of this Stipulation.

21.     "Settlement" means the settlement described in the Stipulation.

22.     "Settlement Fund" means the fund created by the Insurer, on behalf of the Released Parties, consisting of the sum of two million six hundred fifty thousand dollars ($2,650,000.00).

23.     "Settlement Hearing" means the hearing held by the Court to determine whether the Settlement is fair, reasonable, adequate and in the Class's best interests, and should be approved.

24.     "Stipulation" means the Stipulation and Agreement of Settlement signed by the Parties and filed with the Court in this Action on November 22, 2005.

25.     "Taxes" means any taxes on (a) the income of the Settlement Fund, and (b) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

26.     "Unknown Claims" means any and all Released Claims that any Plaintiff or Class member does not know or suspect to exist in his, her or its favor upon the Released Claims' release, and any Settled Defense Claims that any Defendant does not know or suspect to exist in his, her or its favor upon the Settled Defense Claims' release, which if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defense Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Class member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law, rules or regulations of any state or territory of the United States or any other country, or principle of common or civil law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs and Defendants all acknowledge, and the Class members by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and Settled Defense Claims was separately bargained for and was a key element of the Settlement.

### III.    THE ACTION

A.      Uniroyal was a manufacturer of specialty chemicals and plastics. Beginning in 1998, Uniroyal repositioned itself into a high technology company, focusing on the production of high-tech lighting solutions and silicon carbide semiconductor products. The primary vehicles for this transformation were the formation of a joint venture between Uniroyal Optoelectronics, Inc. ("UOE"), a Company wholly-owned subsidiary, and Emcore (together, the "JV" or "Emcore JV") to produce High Brightness Light Emitting Diodes (hereinafter "HB-LEDs" or "LEDs"), and the Company's acquisition of Sterling Semiconductor, Inc. on or around June 1, 2000. These businesses, together with UOE and NorLux Corp., comprised Uniroyal's Optoelectronics and Semiconductor Division (the "Division").

B.      As part of the joint venture, Emcore committed to provide the equipment and research and development expertise, while Uniroyal agreed to provide the manufacturing expertise. In July 1998, Uniroyal entered into a supply agreement with Emcore, whereby the latter agreed to supply the JV with material for the HB-LEDs (epitaxial wafers, die, and package-ready devices) until the JV could produce its own HB-LED products. Emcore also agreed to supply the reactors needed to produce the HB-LEDs.

3

C. Lead Plaintiffs allege that the reactors malfunctioned repeatedly, causing the JV to produce inconsistent and sub-par LED products. Lead Plaintiffs also allege that the problems with the reactors prevented Uniroyal from mass-producing any saleable product on a commercial scale.

D. Lead Plaintiffs allege that Defendants tried to conceal the problems from public investors by classifying the unsaleable LEDs as good inventory of finished goods.

E. In June 2000, Uniroyal acquired Sterling as a platform for further growth in the semiconductor markets served by Sterling. Uniroyal believed that Sterling's technology could be used in a variety of applications in optoelectronics, high temperature and high power electronics, and wireless communications. While Uniroyal publicly portrayed Sterling as its vehicle to enter the high-tech market of silicon carbide semiconductor products and devices, Lead Plaintiffs claim that neither Sterling nor Uniroyal possessed the financial or other resources necessary to develop such high-tech devices. Lead Plaintiffs also allege that after its acquisition, Sterling failed to produce any of the touted products and only drained Uniroyal of cash.

F. Lead Plaintiffs allege that Defendants knowingly made materially false and misleading statements in press releases, SEC filings, and other public documents during the Class Period about the JV, the purported success of the JV, Sterling, and Sterling's expected contributions to Uniroyal. Lead Plaintiffs also allege that the misrepresentations included accounting practices that violated Generally Accepted Accounting Principles ("GAAP") and misleading financial disclosures to the SEC and the investing public.

G. Lead Plaintiffs contend that Defendants knew or recklessly disregarded material, adverse, non-public information about Uniroyal's financial condition and business performance, and those of Emcore and Sterling as well; knew or recklessly disregarded production problems and technological deficiencies at UOE, the JV, and Sterling; and engaged in improper accounting methods or financial disclosures to conceal from the SEC and the public the truth about UOE, Sterling, and the JV.

As a consequence of Defendants' actions, Lead Plaintiffs claim to have suffered damages by paying artificially inflated prices for Uniroyal securities. During the Class Period, the price of Uniroyal stock closed as high as $35.60 per share (on February 23, 2000). On May 13, 2002, at the end of the Class Period, the stock closed at $.48 per share.[3]

The Consolidated Class Action Complaint (the "Complaint") was filed on November 15, 2002, and alleges two claims for relief. The First Claim asserts claims against Howard R. Curd ("Curd"), Chairman of the Board and Chief Executive Officer of Uniroyal, Robert L. Soran ("Soran"), President, Director and Chief Operating Officer of Uniroyal, and George J. Zulanas, Jr. ("Zulanas"), Executive Vice President, Chief Financial Officer and Treasurer of Uniroyal, for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"). The Second Claim asserts claims against all Defendants as control persons under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

Generally, the Complaint alleged that Defendants made materially false and misleading statements about Uniroyal, its operations, businesses, and financial condition. Lead Plaintiffs further alleged that, despite knowledge of the true circumstances, Defendants withheld such information from the market and otherwise caused the misleading statements to be published through its press releases, SEC filings, and other public representations to the detriment of Lead Plaintiffs and members of the Class who purchased Uniroyal stock during the Class Period. As a consequence of Defendants' conduct, Uniroyal's securities are claimed to have traded at artificially inflated prices.

H. Defendants deny any wrongdoing whatsoever and this Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted. Defendants asserted numerous defenses during the litigation, including that Lead Plaintiffs could not prove a strong inference of scienter against them because Defendants did not sell any Uniroyal stock during the Class Period, but instead made substantial personal investments in the Company both before and during the Class Period.

## IV. PROCEDURAL HISTORY

A. In or about July 2002, five class action complaints were filed in the United States District Court for the Middle District of Florida (the "Court") against Defendants and Uniroyal. On September 27, 2002, the Court consolidated the pending actions, and appointed Fuller & Thaler Asset Management, Inc. and Dwight Tracy Lead Plaintiffs and approved their choice of counsel, Bernstein Liebhard & Lifshitz, LLP, and liaison counsel for the Class in this Action. By another order issued the same day, the Action was stayed as to Uniroyal, which had filed for bankruptcy on August 25, 2002.

B. As noted, the Complaint was filed on November 15, 2002, and alleges two claims for relief: the first claim asserts claims against Defendants Curd, Soran, and Zulanas for violations of Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder. The second claim asserts claims against all Defendants as control persons under Section 20(a) of the Exchange Act. In the Complaint, Lead Plaintiffs allege that Defendants made materially false and misleading statements about Uniroyal, its operations, businesses, and financial condition. Lead Plaintiffs further allege that, despite knowledge of the true circumstances, Defendants withheld such information from the market and otherwise caused the misleading statements to be published through Uniroyal's press releases, SEC filings, and other public representations to the detriment of Lead Plaintiffs and members of the Class who purchased Uniroyal stock during the Class Period. The Complaint alleges that, as a result of Defendants' conduct, Uniroyal's securities traded at artificially inflated prices;

---

[3] These prices take into account a 2:1 stock split that occurred on September 18, 2000.

C.      On February 6, 2003, Defendants filed a motion to dismiss the Complaint. Defendants argued that some of the claims were time-barred, as Lead Plaintiffs had notice concerning some of the Complaint's allegations more than one year prior to bringing the Action. Defendants also argued that the Complaint failed to adequately plead material misstatements or omissions, and that it failed to plead Defendants' fraudulent intent. Lead Plaintiffs filed their opposition to Defendants' motion to dismiss on April 9, 2003;

D.      On September 11, 2003, Magistrate Judge Thomas B. McCoun III issued a report recommending that the District Court sustain most of Lead Plaintiffs' Exchange Act claims. Specifically, Magistrate Judge McCoun found most of the claims were not time-barred. The allegations of misstatements were found to be sufficiently particularized; further, Defendants had not warned of the specific harms that befell the Company, and Defendants' knowledge as to the falseness and misleading nature of their statements was sufficiently alleged. Magistrate Judge McCoun reported, however, that some of the allegedly false statements were forward-looking and protected by the statutory safe harbor defense and that other allegedly false statements could not be properly attributed to Defendants;

E.      On October 2, 2003, Defendants filed written objections to the Report, all of which had been rejected in the Magistrate's report. Lead Plaintiffs filed their opposition to those written objections on October 17, 2003. Before the District Court issued a ruling on Defendants' objections to the Report, the Parties opted to pursue a possible early resolution of the Action;

F.      On October 20, 2005, the Court adopted, confirmed, and approved the Report.

G.      Shortly after the Court's ruling, the parties were able to memorialize a tentative settlement in a Memorandum of Understanding that was executed by the Parties.

H.      Defendants deny any wrongdoing, fault, liability or damage to Lead Plaintiffs or the Class, deny that they engaged in any wrongdoing, deny that they committed any violation of law, and deny that they acted improperly in any way. In view, however, of the uncertainty and risk of the outcome of any litigation (especially complex securities litigation), the difficulties and substantial expense and length of time necessary to defend the proceeding, possibly through conclusion of discovery, possible summary judgment motions, a possible trial, possible post-trial motions and possible appeals, and to eliminate the burden and expense of further litigation, Lead Plaintiffs and Defendants wish to settle the Action and put the Released Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability or damage to Lead Plaintiffs, the Class or any other person or entity;

I.      The Parties have voluntarily agreed to settle the Action after consultation with competent legal counsel. This Notice shall not be construed or deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Action or as a concession by any or all of the Defendants of any fault, liability or damage to Lead Plaintiffs, the Class or any other person or entity, or any infirmity in any defense any or all Defendants asserted or could have asserted;

J.      Lead Counsel has conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint and has researched the applicable law with respect to the claims against Defendants and the potential defenses thereto. Lead Counsel's investigation included interviews with former Uniroyal employees and reviewing and analyzing (i) various public statements and filings made by Uniroyal and its senior officers with the SEC, (ii) securities analysts' reports concerning the Company, (iii) press releases, (iv) news articles, and (v) other media reports regarding Uniroyal;

K.      Lead Plaintiffs, by their counsel, have conducted discussions and two arm's-length mediation sessions with Defendants before the Hon. Nicholas H. Politan (U.S.D.J. Ret.), to attempt to settle the Action and achieve the best relief possible consistent with the interests of the Class;

L.      Lead Counsel has taken extensive confirmatory discovery to ensure that this Settlement is fair, reasonable and adequate to the Class, and in its best interests. Lead Counsel conducted discovery on, among other things, the underlying events alleged in the Complaint by reviewing hundreds of thousands of pages of documents and interviewing the Individual Defendants; and

M.      Based upon their investigation, the two mediation sessions before Judge Politan, Uniroyal's financial condition, the insurance resources available to Defendants, and discovery from the Defendants conducted after the last mediation, Lead Plaintiffs and their counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to the Class, and in its best interests. Lead Plaintiffs have agreed to settle the claims asserted in the Action under the terms and provisions of the Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the Class will receive from settlement of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

## V.      THE SETTLEMENT'S BENEFITS

The principal reason for the Settlement is the benefit – $2,650,000 in cash, plus interest – to be provided to the Class now. This benefit must be compared to the fact that although the Court had denied Defendants' motion to dismiss, the Court could have dismissed all or many of the claims in this case upon a motion for summary judgment, after trial, or appeal. Consequently, Lead Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the violations asserted in the Action, as well as the limited damages recoverable if Lead Plaintiffs were successful.

Although Lead Plaintiffs believe that they have valid claims, the amount offered in settlement, taking into consideration the claims and defenses asserted in the Action, the financial position of Uniroyal, and the monies available to pay any future recovery, the Settlement is better than the likely alternatives. Lead Plaintiffs faced the risk that a smaller recovery or no recovery might be obtained after a contested trial and likely appeals, possibly years into the future. Consequently, Lead Plaintiffs and their counsel believe that the proposed Settlement confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiffs and their counsel have determined that the Settlement is in Plaintiffs' and the Class's best interests.

## VI.     DEFENDANTS' DENIAL OF LIABILITY

Defendants deny any wrongdoing, fault, liability or damage to Lead Plaintiffs or the Class, deny that they engaged in any wrongdoing or acted improperly in any way, and deny any liability in the Action arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also deny, among other things, the allegations that Lead Plaintiffs or members of the Class have suffered damages, that Defendants had the requisite intent in making allegedly misleading statements, or concealing information, if any (given their substantial personal investments in Uniroyal both before and during the Class Period and given the absence of any sales by them of Uniroyal stock during the Class Period), that the price of Uniroyal common stock was artificially inflated by the alleged misrepresentations or otherwise, or that Lead Plaintiffs or members of the Class were harmed by the conduct alleged in the Action. Defendants further state that they believe that (i) they acted properly at all times; and (ii) this Action is without merit.

In view, however, of the uncertainty and risk of the outcome of any litigation (especially complex securities litigation), the difficulties and substantial expense and length of time necessary to defend the proceeding, possibly through conclusion of discovery, possible summary judgment motions, a possible trial, possible post-trial motions and possible appeals, and to eliminate the burden and expense of further litigation, Defendants wish to settle the Action and put the Released Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability or damage to Lead Plaintiffs or the Class.

## VII.    DEFENDANTS' CONSIDERATION FOR THE PROPOSED SETTLEMENT

The Insurer, on behalf of the Released Parties, has created the Settlement Fund for the benefit of Lead Plaintiffs and the Class and in settlement of all Released Claims against the Released Parties. Lead Counsel shall hold the Settlement Fund in escrow for the purposes hereof and shall administer the account. If the Court does not enter the Order and Final Judgment, or if the Order and Final Judgment does not become final, or if the Settlement is otherwise terminated or does not become effective for any reason, the Settlement Amount shall be refunded to the Insurer within five (5) days.

## VIII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proofs of Claim ("Authorized Claimants") under the Plan of Allocation described below. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price paid per share and the price received per share, shall be exclusive of all commissions, taxes, fees, and charges.

For purposes of the Plan of Allocation, the terms "sale" and "sold" mean the actual sale of Uniroyal common stock on a national securities exchange.

For Class members who made multiple purchases during the Class Period, the earliest subsequent sale shall be matched with the earliest purchase and chronologically thereafter for purposes of the claim calculations.

In the event a Class Member has more than one purchase or sale of securities, all purchases and sales shall be matched on a First In First Out ("FIFO") basis. Class Period sales will be matched first against any securities held at the beginning of the Class Period and then against purchases in chronological order.

An Authorized Claimant's "Recognized Claim" shall mean:

1A.     For shares of common stock purchased between February 8, 2000 and December 31, 2001, inclusive, the Recognized Loss shall be the lesser of:

(1)     $2.20 per share or the difference between the purchase price per share and $0.235 per share for each share still held at the close of trading on August 12, 2002[4]; or
(2)     $2.10 per share or the difference between the purchase price per share and the sale price per share for each share sold between January 1, 2002 and May 13, 2002, inclusive; or
(3)     $2.20 per share or the difference between the purchase price per share and the cumulative average closing price per share from May 14, 2002 to the date of sale, for each share sold between May 14, 2002 and August 12, 2002, inclusive.

1B.     For shares of common stock purchased between January 1, 2002 and May 13, 2002, inclusive, the Recognized Loss shall be the lesser of:

(1)     $0.10 per share or the difference between the purchase price per share and $0.235 per share for each share still held at the close of trading on August 12, 2002; or
(2)     $0.10 per share or the difference between the purchase price per share and the cumulative average closing price per share from May 14, 2002 to the date of sale, for each share sold between May 14, 2002 and August 12, 2002, inclusive.

---

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $0.235 was the mean closing price of Uniroyal common stock during the 90-day period beginning on May 14, 2002 and ending August 12, 2002.

2A.  For shares of common stock purchased and sold between February 8, 2000 and December 31, 2001, inclusive, there shall be no Recognized Loss.

2B.  For shares of common stock purchased and sold between January 1, 2002 and May 13, 2002, inclusive, there shall be no Recognized Loss.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class member on equitable grounds.

### IX. ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT

On January 13, 2006, the Court certified a Class for settlement purposes only. The Class is defined above.

### X. PARTICIPATION IN THE CLASS

If you fall within the Class definition, you will remain a Class member unless you elect to be excluded from the Class. If you do not request exclusion from the Class, you will be bound by any judgment entered with respect to the Settlement in the Action and the releases provided for therein, and will be forever barred from prosecuting any or all Released Claims against any or all Released Parties, whether or not you file a Proof of Claim.

*If you wish to remain a member of the Class*, you need do nothing (other than timely file a Proof of Claim if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Plaintiffs' Lead Counsel. If you choose, you may enter an appearance individually or through your own counsel at your own expense.

**TO PARTICIPATE IN THE NET SETTLEMENT FUND DISTRIBUTION, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim must be postmarked on or before June 28, 2006, and delivered to the Claims Administrator at Uniroyal Technology Corporation Securities Litigation c/o The Garden City Group, Inc., Claims Administrator, PO Box 9000 #6388, Merrick, NY 11566-9000. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Stipulation and the Judgment.

### XI. EXCLUSION FROM THE CLASS

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Class to:

> Uniroyal Technology Corporation Securities Litigation
> EXCLUSIONS
> c/o The Garden City Group, Inc.
> Claims Administrator
> PO Box 9000 #6388
> Merrick, NY 11566-9000

The request for exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of Uniroyal common stock shares made during the Class Period, including the dates, the number of shares, price paid per share for each purchase, and the price received per share for each sale; and (3) that the Person wishes to be excluded from the Class. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE MARCH 16, 2006. If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

### XII. DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter an Order and Final Judgment. The Order and Judgment will dismiss the Action and the Released Claims with prejudice as to all Released Parties.

The Order and Judgment will provide that all Class members who do not validly and timely request to be excluded from the Class shall be deemed to have released and forever discharged any and all Released Claims against any and all Released Parties.

### XIII. APPLICATION FOR FEES, EXPENSES AND AWARDS

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of up to 30% of the Settlement Fund, plus reimbursement of the expenses not to exceed $120,000 that were advanced in connection with the Action, plus interest thereon.

To date, Plaintiffs' Counsel has not received any payment for their services in conducting this Action on Plaintiffs' and Class members' behalf, nor have counsel been reimbursed for their out-of-pocket expenses. The fees requested by Plaintiffs' Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the Class's benefit, and for their risk in undertaking this representation on a contingency basis.

### XIV. CONDITIONS FOR SETTLEMENT

The Settlement is conditioned on the occurrence of certain events described in the Stipulation. Those events include, among others: (i) entry of the Order and Judgment by the Court, as provided for in the Stipulation; and (ii) exhaustion of all rights to appeal from or alter or amend the Order and Judgment, or expiration of the time to appeal from or alter or amend the Order and Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of September 23, 2005.

XV. **THE RIGHT TO BE HEARD AT THE HEARING**

Any Class member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Allocation, the adequacy of representation by Lead Plaintiffs' counsel, or the attorneys' fees, costs and expenses application, may appear and be heard at the Settlement Hearing. To object, the Person must send a signed statement explaining that such Person objects to the proposed settlement, fee and expense application and/or the Plan of Allocation in *Bellocco v. Curd, et al.*, Civil Action No. 8:02-CV-1141-T-27TBM. The statement must include the Person's name, address, telephone number, and signature. The statement must also identify the date(s), price(s), and number(s) of shares of all purchases and sales of Uniroyal common stock made by such Person during the Class Period, and state the reasons why the Person objects to the Settlement, the Plan of Allocation, and/or the fee and expense application. Such objection must be served and filed so that it is received at least fourteen (14) days prior to the Settlement Hearing by each of the following:

BERNSTEIN LIEBHARD & LIFSHITZ, LLP
JEFFREY M. HABER
10 East 40th Street
22nd Floor
New York, New York 10016

Lead Counsel for Lead Plaintiffs and the Class

GREENBERG TRAURIG, LLP
RONALD D. LEFTON
The Met Life Building
200 Park Avenue
New York, New York 10166

Counsel for Defendants

CLERK OF THE COURT UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
801 North Florida Avenue
Tampa, Florida 33602

Only members of the Class who have submitted written objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

XVI. **SPECIAL NOTICE TO NOMINEES**

If you purchased or acquired any Uniroyal common stock during the Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

Uniroyal Technology Corporation Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
PO Box 9000 #6388
Merrick, NY 11566-9000

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

XVII. **EXAMINATION OF PAPERS**

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation, with exhibits, in the Office of the Clerk of Court, United States District Court, 801 North Florida Avenue, Tampa, Florida 33602.

If you have any questions about the Settlement of the Action, you may contact Lead Counsel by writing:

BERNSTEIN LIEBHARD & LIFSHITZ, LLP
JEFFREY M. HABER
10 East 40th Street
22nd Floor
New York, New York 10016

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: January 23, 2006                    BY ORDER OF THE UNITED STATES DISTRICT COURT
                                           FOR THE MIDDLE DISTRICT OF FLORIDA

**Must be Postmarked No Later Than June 28, 2006**

Uniroyal Technology Corporation Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
PO Box 9000 #6388
Merrick, NY 11566-9000
(888) 890-8179


UNR

## PROOF OF CLAIM AND RELEASE

**PART I: CLAIMANT IDENTIFICATION**

Claim Number:                    Control Number:

| WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE:* |
|---|
| Name: |
| Address: |
| City: |
| State/Country: |
| Zip Code: |

*IF THE ABOVE AREA IS BLANK, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE* ➡

**Please fill in Social Security Number/ Taxpayer ID Number if box is blank:**

Daytime Telephone Number: ( ) -

Evening Telephone Number: ( ) -

**Identity of Claimant** (Check one):
☐ Individual/Sole Proprietor  ☐ Pension Plan  ☐ Trust
☐ Corporation                ☐ Partnership
☐ IRA                        ☐ Other_____
                                    (specify)

I.   **GENERAL INSTRUCTIONS**

   1.   To recover as a member of the Class based on your claims in the action entitled Bellocco v. Howard R. Curd, Robert L. Soran, and George J. Zulanas, Civil Action No. 8:02-CV-1141-T-27TBM (the "Action"), you must complete and, on page 5 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

   2.   Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Action.

   3.   YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE JUNE 28, 2006 ADDRESSED AS FOLLOWS:

Uniroyal Technology Corporation Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
PO Box 9000 #6388
Merrick, NY 11566-9000

   If you are NOT a Class member (as Defined in the Notice of Pendency and Settlement of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund) DO NOT submit a Proof of Claim and Release.

   4.   If you are a Class member and you do not timely request exclusion, you are bound by any judgment entered in the Action and the releases provided for therein, and will be forever barred from prosecuting any or all Released Claims against any or all Released Parties (as defined in the Notice of Pendency and Settlement of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund), WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.



## II. CLAIMANT IDENTIFICATION

    1.    If you purchased Uniroyal Technology Corp. ("Uniroyal") common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Uniroyal common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

    2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Uniroyal stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE UNIROYAL STOCK UPON WHICH THIS CLAIM IS BASED.

    3.    All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The beneficial owner's Social Security (or taxpayer identification) number and telephone number may be used in verifying the claim. Failure to provide the foregoing information could delay your claim's verification or result in the claim's rejection.

## III. CLAIM FORM

    1.    Use Part II of this form entitled "Schedule of Transactions in Uniroyal Common Stock" to supply all required details of your transaction(s) in Uniroyal common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

    2.    On the schedules, provide <u>all</u> of the requested information with respect to <u>all</u> of your purchases or other acquisitions and all of your sales of Uniroyal common stock that took place at any time between February 8, 2000 and May 13, 2002 (the "Class Period") whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

    3.    List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

    4.    The date of covering a "short sale" is deemed to be the date of purchase of Uniroyal stock. The date of a "short sale" is deemed to be the date of sale of Uniroyal stock.

    5.    Brokers' confirmations or other documentation of your transactions in Uniroyal stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

    6.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (888) 890-8179 or visit their website at www.gardencitygroup.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.



| PART II: SCHEDULE OF TRANSACTIONS IN UNIROYAL COMMON STOCK |
|---|
| Separately list each of your purchases, acquisitions, or sales of Uniroyal common stock below. Photocopy this page if more space is needed. **Be sure to include your name and Social Security number or Tax ID number on any additional sheets.** The date of purchase or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date. |

7. **BEGINNING HOLDINGS:** Number of shares of Uniroyal common stock held at the beginning of trading on **February 8, 2000.** *(If none, write 0), (Must be documented)*: ☐

8. **PURCHASES/ACQUISITIONS:** Purchases and acquisitions of Uniroyal common stock between **February 8, 2000** through and including **May 13, 2002.** *(Must be documented)*:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Uniroyal Common Stock Purchased | Purchase Price Per Share of Uniroyal Common Stock | Total Purchase Price (excluding commissions, taxes, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

9. **PURCHASES/ACQUISITIONS:** Number of shares of Uniroyal common stock purchased or acquired between **May 14, 2002** through and including **August 12, 2002.** ☐

10. **SALES:** Sales of Uniroyal common stock during the period of **February 8, 2000** through and including **August 12, 2002.** *(Must be documented)*:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Uniroyal Common Stock Sold | Sale Price Per Share of Uniroyal Common Stock | Total Sale Price (excluding commissions, taxes, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

11. **UNSOLD HOLDINGS:** Number of shares of Uniroyal common stock owned at the close of business on **August 12, 2002.** *(If none, write 0), (Must be documented)*: ☐

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE



**IV.    SUBMISSION TO JURISDICTION OF COURT**

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Middle District of Florida with respect to my claim as a Class member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to any judgment that may be entered in the Action. I agree to furnish additional information to Lead Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of Uniroyal common stock during the Class Period and know of no other Person having done so on my behalf.

**V.    RELEASE**

1.    I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge, any and all Released Claims against any and all of the Released Parties, defined as Uniroyal, Howard R. Curd, Robert L. Soran, and George J. Zulanas, Jr., and National Union Fire Insurance Company of Pittsburgh, PA, and each of their respective past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, general or limited partners, representatives, affiliates, members, managers, agents, employees, attorneys, advisors and investment advisors, auditors, accountants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any of them has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, executors, administrators, successors in interest or assigns of any of them.

2.    "Released Claims" means any and all claims, rights, demands, obligations, controversies, debts, damages, losses, causes of action and liabilities of any kind or nature whatsoever, whether in law or equity, including both known and Unknown Claims (as defined below), suspected or unsuspected, accrued or unaccrued, held at any point up to the date of this Stipulation's execution by any Class member in the Action against any or all Released Parties, arising out of, connected with, or in any way relating, directly or indirectly, to the subject matters of the Action or the acquisition, ownership or sale of Uniroyal common shares, including any claims that have been or could have been asserted in the Action against any or all Released Parties; provided, however, Released Claims shall not include any claim arising out of the violation or breach of this Stipulation.

3.    "Unknown Claims" means any and all Released Claims that any Plaintiff or Class member does not know or suspect to exist in his, her or its favor upon the Released Claims' release, and any Settled Defense Claims that any Defendant does not know or suspect to exist in his, her or its favor upon the Settled Defense Claims' release, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defense Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Class member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law, rules or regulations of any state or territory of the United States or any other country, or principle of common or civil law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs and Defendants acknowledge, and the Class members by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and Settled Defense Claims was separately bargained for and was a key element of the Settlement.

4.    This release shall be of no force or effect unless and until the Court approves the Settlement, and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

5.    I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.    I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Uniroyal common stock which occurred during the Class Period: (i) the number of shares of Uniroyal common stock held by me (us) at the beginning of trading on February 8, 2000; (ii) the number of shares of Uniroyal common stock purchased or acquired by me (us) during the period February 8, 2000 through and including May 13, 2002; and (iii) the number of shares of Uniroyal common stock sold by me (us) between February 8, 2000 and May 13, 2002, inclusive.



## SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number (TIN) and Certification

**PART I**

NAME:_____

Enter TIN on appropriate line.
For individuals, this is your social security number ("SSN").
For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").
For other entities, it is your EIN.

___ ___ ___ - ___ ___ - ___ ___ ___ ___          ___ ___ - ___ ___ ___ ___ ___ ___ ___
Social Security Number                           Employer Identification Number

**PART II**

From Payees Exempt From Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line.

_____

**PART III**

CERTIFICATION

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT:

The number shown on this form is my correct Taxpayer Identification Number; and I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                                    (Month)                      (Year)

_____
(City)                          (State)             (Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
Capacity of persons signing
(e.g., Beneficial Purchaser, Executor or Administrator)

5



## ACCURATE CLAIM PROCESSING TAKES TIME.
## THANK YOU FOR YOUR PATIENCE.

### REMINDER CHECKLIST

1. Please sign the Certification section of the Proof of Claim and Release form.

2. If this claim is made on behalf of joint claimants, then both must sign.

3. Please remember to attach supporting documents.

4. DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5. The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 30 days. Your claim is not deemed fully filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement within 30 days, please call the Claims Administrator toll-free at (888) 890-8179.

6. If you move, please send us your new address.

7. **Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN
JUNE 28, 2006 AND MUST BE MAILED TO:

**Uniroyal Technology Corporation Securities Litigation
c/o The Garden City Group, Inc.
Claims Administrator
PO Box 9000 #6388
Merrick, NY 11566-9000**