UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROSA BELLOCCO, on behalf of herself
and all others similarly situated,**

**Plaintiffs,**

**v.**                                                   **Case No.: 8:02-CV-1141-T-27TBM**

**HOWARD R. CURD, ROBERT L. SORAN
and GEORGE J. ZULANAS, JR.,**

**Defendants.**

_____/

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to this Court's Preliminary Approval

Order dated January 13, 2006 (the "Order"), on the parties' Motion for Final Approval of Class

Action Settlement and Plan of Allocation and for Approval of Attorneys' Fees and Reimbursement

of Expenses (Dkt. 107). Due and adequate notice having been given to the Class as required in said

Order, and the Court having conducted a fairness hearing on March 30, 2006, it is,

**ORDERED AND ADJUDGED:**

1.      The parties' Motion for Final Approval of Class Action Settlement and Plan of

Allocation and for Approval of Attorneys' Fees (Dkt. 107) is **GRANTED**.

2.      This Judgment incorporates the Stipulation's definitions by reference, and all terms

used herein shall have the meanings set forth in the Stipulation.

3.      This Court has jurisdiction over the Action's subject matter and over all parties to

the Action, including all Class members.

4.     Under Federal Rule of Civil Procedure 23, and for the sole purpose of settlement, this Court has certified a Class of all persons who purchased or otherwise acquired Uniroyal common stock between February 8, 2000 through and including May 13, 2002, and were damaged thereby. Excluded from the Class are: (i) all persons or entities who acquired Uniroyal shares pursuant to the merger with Sterling Semiconductor, Inc.; (ii) the Defendants, members of each Defendant's immediate family (parents, spouses, siblings, and children), and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, administrators, successors in interest or assigns of any such excluded party; and (iii) the plaintiffs in the *Sabates* action.[1] Finally, any putative Class member who or which properly requests exclusion from the Class, as set forth in Exhibit A hereto, will be so excluded.[2]

5.     With respect to the Class, and for the sole purpose of the Settlement, this Court finds and concludes that: (a) the Class members are so numerous that joinder of all Class members in the class action is impracticable; (b) there are legal and factual questions common to the Class that predominate over any individual question; (c) Lead Plaintiffs' claims are typical of the Class's claims; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the Class members' interests; and (e) a class action is superior to other available methods for the controversy's fair and efficient adjudication, considering: (i) the Class members' interests in

---

[1] *Sabates* refers to *Feliciano S. Sabates and Carolyn P. Sabates v. Howard R. Curd, et al.*, 8:04-cv-00824-RAL-MSS (M.D. Fla.), which case consolidated the actions of *Mario A. Sabates v. Howard R. Curd, et al.*, 8:04-cv-824-T26MSS and *Feliciano S. Sabates and Carolyn P. Sabates v. Howard R. Curd, et al.*, 8:04-cv-825-T26MSS.

[2] Only one Class member, Mr. Sanford Schlitt, requested exclusion. His request is attached as Exhibit A.

individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the class action's management. The Court, therefore, certifies the Class under Rule 23 for the sole purpose of effectuating the Settlement.

6.     The Court finds the Settlement set forth in the Stipulation is, in all respects, fair, just, reasonable and adequate to the Class. The Settlement was reached after extensive negotiations through informal discussions between counsel. The case was mediated on at least two occasions by a respected retired United States District Court Judge. There is no evidence of fraud or collusion with respect to the settlement for all the reasons discussed at the fairness hearing. All of the undersigned's findings regarding the fairness of the Settlement at the fairness hearing are hereby incorporated by reference. Accordingly, after consideration of the factors announced in *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984), this Court finally approves the Settlement under Fed. R. Civ. P. 23.

7.     Except for any individual claims of putative Class member Sanford Schlitt who has validly and timely requested exclusion from the Class, the Action and all claims asserted therein, as well as all Released Claims, are dismissed with prejudice. The Putative Class member who has validly and timely requested exclusion from the Class may no longer maintain, prosecute, or further participate in this Action, but may initiate his own action based upon the Released Claims if he so choose. The Parties shall bear their own costs, except as otherwise provided in the Stipulation.

8.     The Court finds that the Stipulation, Settlement, and Plan of Allocation are fair, just, reasonable and adequate to each and all Parties, and the Stipulation and Settlement are hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

9.      On the Effective Date, Plaintiffs and each Class member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Class member executes and delivers the Proof of Claim and Release.

10.     All Class members are barred and enjoined from prosecuting any and all Released Claims against any and all Released Parties.

11.     On the Effective Date, each and all Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Defense Claims against the Class members and Plaintiffs' Counsel; provided, however, that nothing herein shall release the Parties from their obligations under the Stipulation.

12.     The Notice of Pendency and Settlement of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class members who could be identified through reasonable effort, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

13.     The Stipulation and Settlement, and any act performed or document executed under or in furtherance of the Stipulation or the Settlement or any negotiation, discussion or proceedings in connection with the Stipulation or the Settlement:

        a.      shall not be offered or received against any or all Defendants for any reason including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been

-4-

asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any or all Defendants;

      b.     shall not be offered or received against any or all Defendants as evidence of, or construed as or deemed evidence of, a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any or all Defendants, or against Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

      c.     shall not be offered or received against any or all Defendants as evidence of, or construed as or deemed evidence of, a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal or administrative action or proceeding (including, but not limited to, any formal or informal investigation or inquiry by the SEC, state insurance authorities, or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to effectuate the Stipulation's provisions; provided, however, that Defendants may refer to the Stipulation to effectuate the liability protection granted them hereunder;

      d.     shall not be offered, received, or construed against any or all Defendants as an admission or concession that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial;

      e.     shall not be offered, construed or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund. Defendants may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in support of a defense or counterclaim based on

principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; and

       f.     shall not be offered, construed or received in evidence as an admission, concession or presumption against the Defendants that class certification would be proper for any purpose other than this Settlement.

14     Without affecting this Judgment's finality in any way, this Court hereby retains continuing jurisdiction over: (a) this Settlement's implementation and any award or distribution of the Settlement Fund, including interest earned thereon; and (b) the Settlement Fund's disposition.

15.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

16.    The Court awards attorneys' fees of $795,000, plus applicable interest, and the reimbursement of costs of $120,000, plus applicable interest, reasonably incurred in connection with the Action's prosecution, to be paid from the Settlement Fund in accordance with the Stipulation. All of the undersigned's findings made at the fairness hearing concerning the reasonableness of the attorneys' fees and costs are hereby incorporated by reference.

**DONE AND ORDERED** this _5th_ day of April, 2006.

 

                    **JAMES D. WHITTEMORE**
                    **United States District Judge**

Copies to:
Counsel of Record