UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA

ROSA BELLOCCO, on behalf of herself and
all others similarly situated,

                      Plaintiff(s),

           v.

HOWARD R. CURD, ROBERT L. SORAN,
and GEORGE J. ZULANAS,

                    Defendants.

**Civil Docket No.: 8:02-CV-1141-T-27TBM**

## ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND

**BEFORE THE COURT** is Lead Plaintiffs' Renewed Motion, and Memorandum in Support of Renewed Motion, For Approval of Claims Administration Process, Approval and Payment of Claims Administrator's Invoice, and Approval of Distribution of Settlement Fund to the Class (Dkt. 118). Upon consideration, Lead Plaintiffs' Renewed Motion is **GRANTED**.

        A.       On April 5, 2006, the Court approved the Plan of Allocation, awarded attorneys' fees and reimbursement of expenses and entered a Final Judgment and Order of Dismissal with Prejudice. The Court retained jurisdiction with respect to all matters relating to the consummation of the settlement.

        B.       As set forth in the Class Notice, the deadline for class members to submit claims to participate in a distribution from the settlement fund was June 28, 2006.

        C.       As reflected in the Affidavit of Jeffrey M. Haber, the process of reviewing all claims has been completed.

        D.       Lead counsel now seeks authorization to distribute the net settlement fund to authorized claimants, after deduction of fees and expenses approved by this Order, and approve the rejection of certain claims that the Claims Administrator has determined are not valid.

-2-

E.      All claimants whose claims the Claims Administrator proposes to reject were notified of the deficiency in their claims and given opportunity to contest the rejection. These claimants were given a full and fair opportunity to have their objection to the Claims Administrator's determination heard by the Court, and none of these claimants has done so.[1]

F.      The Court has reviewed the motion of lead counsel for approval of claims administration process, approval and payment of Claims Administrator's invoice, and approval of distribution of the net settlement fund to the class, the Affidavit of Jeffrey M. Haber, and all exhibits in support thereof, and good cause appears for the relief requested.

**THEREFORE, IT IS HEREBY ORDERED:**

1.      All claims that the Claims Administrator has determined are acceptable for payment as set forth in the Haber Affidavit and exhibits thereto, are approved for payment from the net settlement fund.

2.      All claims that the Claims Administrator has determined were submitted after the June 28, 2006 deadline for filing claims, that are otherwise valid and are in compliance with the requirements for submitting valid proofs of claim, as set forth in the Haber Affidavit and exhibits thereto, are approved for payment from the net settlement fund.

3.      All claims that the Claims Administrator has determined are not acceptable for payment, as set forth in the Haber Affidavit and exhibits thereto, are disallowed and shall not be paid.

4.      Submission of any claim for participation in the settlement, other than those previously filed with the Claims Administrator, is forever barred.

---

[1] Helen O. Bauman has withdrawn her Request of Court Review of Final Notice of Eligibility. (Dkt. 122, Ex. A).

5.      Lead Counsel and the Claims Administrator are directed to arrange for payment of the net settlement fund, after deduction of fees and expenses approved by this Order, to all authorized claimants in accordance with the Plan of Allocation as soon as practicable after entry of this Order.

6.      The Claims Administrator's incurred and anticipated fees and expenses of $166,822.29 in connection with administering the settlement are hereby approved and will be paid from the settlement fund.

7.      Any taxes due and owing, as well as the fee for the preparation of any tax returns for the settlement fund will be paid from the settlement fund.

8.      Lead Counsel and the Claims Administrator are directed to make reasonable attempts to locate authorized claimants whose checks are returned as undeliverable. Any funds remaining in the net settlement fund six months after the initial distribution date shall be reallocated among authorized claimants in an equitable and economic fashion. Thereafter, any balance still remaining in the net settlement fund shall be donated to an appropriate non-profit organization. All hard copy claim forms and documentation reviewed during the claims administration process shall be retained by the Claims Administrator for one year, and magnetic media for three years, from the date of entry of this Order. After that date, such records may be destroyed.

9.      The Clerk is directed to close this case.

**SO ORDERED** this ___9⁷ᵗ___ day of April, 2007.

JAMES D. WHITTEMORE
United States District Judge

cc: Counsel of Record

-3-