UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSA BELLOCCO, on behalf of
herself and all others similarly situated,

Plaintiffs,

vs.                                            Case #: 8:02-CV-1141-T-27TBM

HOWARD R. CURD; *et al.*,

Defendants.
_____/

ORDER CONCERNING
DISTRIBUTION OF REMAINING SETTLEMENT FUNDS

**BEFORE THE COURT** is Lead Plaintiffs' Motion for Distribution of Remaining Settlement Funds (Dkt. 126). On April 5, 2006 this Court signed the Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement dated November 22, 2005 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to the Class Members. On April 9, 2007, this Court signed the Order Authorizing Distribution of Settlement Fund (Dkt. 125); and

WHEREAS, the initial distribution of settlement funds is complete; and

WHEREAS, the Distribution Order stated that "Lead Counsel and the Claims Administrator are directed to make reasonable attempts to locate authorized claimants whose checks are returned as undeliverable. Any funds remaining in the net settlement fund six months after the initial distribution date shall be reallocated among authorized claimants in an equitable and economic fashion" (Dkt. 125, . ¶8); and

1

WHEREAS, six months have elapsed since the initial distribution date and the Garden City Group, Inc. ("GCG"), the claims administrator in this action, has taken reasonable steps to locate claimants whose checks were uncashed or returned as undeliverable; and

WHEREAS, as of January 18, 2008, there is approximately $26,541.71 remaining in the settlement fund; and

WHEREAS, although the Distribution Order states that "[s]ubmission of any claim for participation in the settlement, other than those previously filed with the Claims Administrator, is forever barred" (Dkt. 125, ¶3), lead counsel have shown good and just cause why, rather than in the manner described in the Distribution Order, the remaining settlement funds should be distributed to co-lead plaintiff Dwight Tracy ("Tracy"), Steven Alverson, and five individuals who filed timely proof of claims but cured deficiencies in those claims after the deadline (the "Late Adjusters").

Upon reading the supporting declarations of Joseph R. Seidman, Jr., Dwight Tracy, and Stephen Cirami of GCG, the supporting memorandum of law, and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

**ORDERED** that the remaining settlement funds shall be distributed pro rata to Tracy, Alverson, and the Late Adjusters pursuant to the Court-approved Plan of Allocation.

**DONE AND ORDERED** in chambers this 12th day of February, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

2